# W. P. SCOTT v. STATE.

No. A.-168.   Opinion Filed May 28, 1910.

(109 Pac. 240.)

1.   INDICTMENT AND INFORMATION — Intoxicating Liquors — Duplicity. An information charging defendant with unlawfully carrying whisky from one place to another within the state, and also that he did on a certain date willfully give away whisky to a person named, was a violation of Snyder's St. sec. 6699, providing that an indictment must charge but one offense.

2.   SAME.— General Verdict — Sufficiency. Where an indictment charged illegally carrying liquor from place to place, and also an illegal sale, a general verdict of guilty is not sufficiently certain to enable the court to pronounce judgment.

*Appeal from Washita County Court; L. R. Shean, Judge.*

W. P. Scott was convicted of a violation of the prohibition law, and he appeals. Reversed.

*Knott & Smith,* for plaintiff in error.
*Fred S. Caldwell,* for the State.

PER CURIAM. The plaintiff in error was convicted in the county court of Washita county upon an information the charging part of which is as follows:

"Did then and there, wilfully and unlawfully carry intoxicating liquor, to wit, whiskey, from one place within the state to another therein, the said whiskey so conveyed not being a lawful purchase, as authorized by the laws of Oklahoma. The above count is based upon complaint of W. H. Dean duly filed April 20, 1908, which is referred to and made a part of this information. Second, Said P. W. Scott did on the 20th day of April, 1908, wilfully and unlawfully give away and otherwise furnish intoxicating liquor, to wit, whiskey, to one Enoch Montgomery, contrary to the form of the statute," etc.

To which information a demurrer was filed, alleging, among other grounds, that the information charges or pretends to charge two offenses. Upon a trial had the jury returned the following

verdict: "We, the jury, duly impaneled and sworn to try the issues in the above-entitled cause, do upon our oaths find the defendant guilty." On May 9, 1908, judgment was entered, and the defendant was sentenced to pay a fine of $125 and be confined for a period of 75 days in the county jail. From which judgment and sentence an appeal was taken by filing in this court on May 8, 1909, a petition in error with case-made attached.

The first assignment of error alleged in the petition is: "That the court erred in overruling the demurrer to the information filed in said cause." Section 6699, Snyder's Statutes, provides:

"The indictment must charge but one offense, but where the same acts may constitute different offenses, or the proof may be uncertain as to which of two or more offenses the accused may be guilty of, the different offenses, may be set forth in separate counts in the same indictment and the accused may be convicted of either offense, and the court or jury trying the cause may find all or either of the persons guilty of either of the offenses charged, and the same offense may be set forth in different forms or degrees under different counts; and where the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count."

Upon the authority of *Sturgis v. State,* 2 Okla., Cr. 362, 102 Pac. 57, and *De Graff v. State,* 2 Okla., Cr. 579, 103 Pac. 538, the objection of plaintiff in error was well taken, and the judgment cannot be permitted to stand. In *Sturgis v. State, supra,* Presiding Judge Furman, after reviewing the authorities, used this language:

"As we approve the reasoning of the cases above quoted, we will not pursue this question further than to state that selling intoxicating liquor and shipping or conveying such liquor from one place in the state to another place in the state cannot be joined in the same information or indictment. They constitute distinct offenses, based upon separate transactions or acts. The trial court, therefore, erred in not sustaining the objection to the indictment upon the ground of duplicity."

The verdict rendered is a general verdict of guilty, not specifying whether the defendant is guilty of the offense charged in the

first or second count of the information, or both, and is not suffic-iently certain to enable the court to pronounce judgment upon it according to the right of the case. Where an information contains more than one count, it should clearly show on its face that the matter set forth in the different counts is descriptive of one and the same offense.

The judgment of the county court is therefore reversed, and the cause remanded, with direction to sustain the demurrer.