## T. H. COLE et al. v. STATE.

No. A-6236.   Opinion Filed Jan. 7, 1928.
(262 Pac. 712.)

Wieck & Armstrong, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the county court of Kay county of violating the prohibitory liquor law, and sentenced to serve 90 days in the county jail, and to pay a fine of $250.

The record discloses that defendant, his wife who was jointly tried with him, and one child, resided near the town

of Tonkawa. In November, 1925, an affidavit for a search warrant for the search of the quarter section of land on which defendant resided was filed with a justice of the peace, as follows:

"————, being first duly sworn on oath, deposes and says: That as to the following described premises to wit: S. E. ¼, Sec. 20, Twp. 25, R. 1 W., said premises being in the possession of John Doe, a true name unknown. That your affiant was told by a person who visited the premises that while there he smelt intoxicating liquor on the premises. That your affiant has been informed that a person who visited the premises saw a still in operation in the attic of the house. Your affiant says that the general reputation of the place and premises in the community and neighborhood is that it is a place where intoxicating liquor is being kept, concealed, and sold. * * *"

An affidavit for a search warrant made on information and belief is sufficient only where it sets out the facts upon which the belief is based, and shows that such facts are within the personal knowledge of affiant or affiants, and the facts alleged are sufficient to constitute probable cause. Cornelius on Search and Seizure, § 85, p. 274.

No attempt is made to comply with the provisions of section 7013, Comp. St. 1921, which is:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage or unless such residence is a place of public resort."

There is no allegation that the residence or any part of it is used as a store, shop, hotel, boarding house, place for storage, or place of public resort. The warrant based on this affidavit does not disclose by whom the affidavit was made, and in this particular fails to conform to section 2881, Comp. St. 1921, which provides a form for search warrant setting out the name of the person or persons making the affidavit.

Under this affidavit a search warrant issued, the resi-

dence was searched, and in the attic was found a still, mash and whisky. Motion to suppress the evidence so obtained and objection to the introduction of the evidence was duly made, to the overruling of which exceptions were saved.

The information upon which defendants were tried is in one count charging them with having the possession of a still, and with having the possession of mash and whisky. A demurrer for the reason that the information was duplicitous was interposed and overruled, with exceptions reserved. Clearly the information charges two offenses, the possession of intoxicating liquor with intent to sell, as in violation of section 7002, Comp. St. 1921, and the possession of a still in violation of chapter 42, Session Laws (Sp. Sess.) 1923-24. In the trial evidence of each offense charged was introduced on the part of the state. The court instructed as to each offense, and the jury returned the following verdict:

"In the County Court in and for Kay County,
State of Oklahoma.

"State of Oklahoma, Plaintiff, v. Mr. and Mrs.
T. H. Cole, Defendants. Case No. 5406.

"We, the jury impaneled and sworn to try the issues in the above-entitled cause, do, upon our oaths, find the defendant, T. H. Cole, guilty, and fix his punishment at a fine of $250 and confinement in the county jail for a period of 90 days.         H. W. Mattox, Foreman."

Upon this verdict the court rendered judgment as follows:

"Thereupon it is considered, ordered, and adjudged and decreed by the court that the defendant is guilty as charged in the information and as found by the jury; that he be confined in the county jail for a period of 90 days and pay a fine of $250, and the costs of this action. * * *"

In this state, both by statute (section 2558, Comp. St.

1921) and by numerous decisions of this court, it is well settled that a defendant cannot be placed upon trial for two offenses at the same time. When it appears from the record that a defendant was called upon to defend against two separate offenses over his objections and exceptions, a conviction cannot stand. Bonitzer v. State, 4 Okla. Cr. 354, 111 P. 980; Tunnard v. State, 5 Okla. Cr. 529, 115 P. 603; Kimbrell v. State, 7 Okla. Cr. 354, 123 P. 1027; Kime et al. v. State, 14 Okla. Cr. 111, 167 P. 1159; Williams v. State, 16 Okla. Cr. 54, 180 P. 559.

The proceedings are further erroneous, as the information is duplicitous, and the verdict is unintelligible, as it does not state for what offense defendant is guilty (Scott v. State, 4 Okla. Cr. 70, 109 P. 240,) and the judgment is no more enlightening.

For the reasons assigned, the case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.