## SWANNIE FITZGERALD v. STATE.

No. A-6038.   Opinion Filed March 10, 1928.
(264 Pac. 929.)

Thomas Norman, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted in the county court of Carter county upon a charge of having possession of 16 gallons of Choctaw beer, with the unlawful intent to sell, barter, give away, and otherwise furnish the same to others, and sentenced to pay a fine of $200 and cost, and imprisonment in the county jail for a term of 60 days.   From the judgment and sentence, the defendant has appealed.

The testimony on behalf of the state is, in substance, as follows::

Carl Holden, a deputy sheriff, stated he was acquainted with the defendant on or about the 23d day

of December, 1925. that he was out to defendant's home on said date; that he searched all around defendant's place and found a lot of choc bottles; we found a 16-gallon keg of choc; the choc was sitting under a barbed wire fence; there was a trail right from the choc back under the fence toward the defendant's house to the rocks. On cross-examination, witness stated that they went out to defendant's place; they went south and came back to the house; they came around a point of timber back southeast; that they did not find anything; went northwest of the house and looked around the henhouse and well, and around the house and found some empty choc bottles; went on west from the henhouse to the line fence; come to a trail. crawled under the fence and turned into curve of a little hollow where they found the keg of 16 gallons of choc; did not see the defendant there or anywhere near where he claims the choc was found. The keg of choc was 200 yards or more from the defendant's house, and not on the land the defendant was occupying. The empty bottles found were choc bottles because those are the kind that are used to put choc in.

J. F. Dunn, called as a witness, testified as to the same facts as Holden, except Dunn places the distance from the house to where they found the choc at from 200 yards to a quarter of a mile.

J. L. Bullock, a chemist, testified he examined the sample of choc delivered by witness Holden, and it contained 9 per cent. alcohol, measured by volume.

The first error assigned and argued by the defendant is:

"The court erred in admitting, over the objection and exceptions of the defendant, certain incompetent, irrelevant, and highly prejudicial testimony, to wit, evidence of the general reputation of the place where the

defendant lived, said place being his private home; it being neither charged or proved to be a place of public resort, and in refusing to strike the same from the consideration of the jury."

The assignment of error quoted relates to the following questions and answers that were propounded to the witness Dunn, a witness for the state:

"Q. How long have you been acquainted with the place where the defendant lives? A. Good 'while, new house, had not been built very long.

"Q. How long has he been living in the immediate location? A. About a year.

"Q. Are you acquainted with the place? A. Yes, sir.

"Q. Are you acquainted with the general reputation of the place, in that community, for being a place where intoxicating liquors can be bought and sold?

"Mr. Norman: We object; no proper predicate has been laid and developed by the state. It is incompetent, irrelevant, and immaterial.

"Court: Overruled.

"Mr. Norman: Exceptions.

"Q. Is that reputation good or bad? A. It is bad.

"Mr. Norman: We move the answer of the witness be stricken and the jury instructed to disregard the answer of the witness.

"Court: Overruled.

"Mr. Norman: Exceptions."

It is contended that the court erred in admitting evidence of the general reputation of the home or place of defendant as being a place where intoxicating liquors can be bought and sold, for the reason that there was no

proper predicate laid for such testimony and that before evidence of the general reputation of his home or place can be legally admitted, it must be shown that the place itself was a place of public resort, not merely that it bore such reputation. There is no evidence in the record showing that parties resorted to the defendant's place or home, or that the defendant had in any way whatever been connected with the buying or selling of intoxicating liquors at his place.

We think that, under the rule laid down by this court in the case of Yakum v. State, 30 Okla. Cr. 184, 235 P. 253, the objection of the defendant was well taken, and the court should have sustained the same, and that it was error for the court to admit the testimony as to the general reputation of defendant's place without a proper predicate being laid by the state showing the defendant's place was a place of public resort. To justify or sustain a conviction of having intoxicating liquor with the intent to violate any provision of the prohibitory laws, there must be evidence sufficient not only to prove possession, but also to prove criminal intent. Ward v. State, 15 Okla. Cr. 150, 175 P. 557; Severns v. State, 31 Okla. Cr. 281, 238 P. 217.

The third error assigned is as follows:

"(3) The court erred in overruling defendant's demurrer to the evidence of the state."

From a careful examination of the record we fail to find any testimony connecting the defendant with the possession of the choc alleged to have been found on an adjoining place to where the defendant resided. The fact that some empty bottles were found in or near the place is not sufficient testimony to sustain a conviction of possession of intoxicating liquor with intent to barter, sell, give away, or otherwise dispose of the same, in the absence of any testimony connecting the defendant with

the possession of the choc alleged to have been found. The demurrer of the defendant was well taken, and should have been sustained.

There are other errors assigned, but the view we take of this record we do not deem it necessary to discuss them.

The case is reversed and remanded.