# BARNES TAYLOR v. STATE.

No. A-6234.   Opinion Filed Dec. 15, 1928.
(272 Pac. 887.)

W. F. Brumfield, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted in the county court of Noble county upon a charge of unlawfully, wrongfully, willfully, and knowingly keeping and maintaining a place where intoxicating liquor, to wit, whisky, was received and kept for the purpose of bartering, selling, giving away, or otherwise furnishing the same to others, and was sentenced to imprisonment in the county jail for 100 days and to pay a fine of $300.   From the judgment and sentence defendant has appealed to this court.

The testimony on behalf of the state shows that Fred Yeager made an affidavit before E. W. Jones, county judge, to obtain a search warrant; the only charge in the affi-

davit being that numerous and divers persons, who were users of intoxicating liquor, frequented a public resort, indicating that intoxicating liquor was being kept there for the purpose of selling, bartering, giving away, and otherwise furnishing the same, in violation of the prohibitory laws of the state of Oklahoma. Upon this affidavit a search warrant was issued, and the officers went to the home of the defendant and found therein a colored man by the name of Herman or Herbert Kidd; they claim Kidd had a pint of whisky, and when they showed up Kidd turned and ran out of the building, carrying the bottle of whisky and a funnel, and left the defendant in the room.

Two or three witnesses testify to the same facts, and were asked by the state, before the defendant offered any testimony, the following question: "Q. Did you, on September 12, 1925, know the general reputation of the place in the community as being a place where whisky was being received and kept for the purpose of being sold?" To which the defendant objected, and the court overruled the objection of the defendant, and defendant saved an exception. The court permitted the witnesses to answer the question, and each of the witnesses stated that they knew the reputation, and that it was bad.

The defendant called several witnesses to the stand to show that he was not at home at the time Herman or Herbert Kidd went to his house, and to show that Kidd at the time had a room rented at the defendants, and their testimony tended to show that Kidd took a jug with something in it into the defendant's house, where he had been living and had a room rented, and that the defendant had nothing to do with the jug or its contents.

The defendant's own testimony shows that he was sitting on the porch, and that when Kidd knocked on the back door and asked to have the door opened that Alfred Grace, who had been sitting on the porch with defendant, got up

and opened the back door. The defendant denied any interest or ownership in the whisky, and denied he knew it was there until he went back into the room, and when he found out what it was he told Kidd to get out of his house, or words to that effect. This is in substance all the testimony we deem necessary to set out.

The statements in the affidavit for the search warrant were insufficient to authorize the court in issuing the same, had the defendant taken advantage of it by motion or objection to the introduction of the testimony on the ground that the affidavit was insufficient.

Defendant has assigned several grounds for reversal:

First, that the court erred in overruling defendant's motion to suppress the evidence of the state.

Second, the court erred in permitting certain evidence offered by the state to be introduced over the timely objection of the defendant.

Fourth, that the verdict of the jury in this case was contrary to the law and the evidence.

It is urged that the court erred in admitting evidence of the general reputation of the place of the defendant as being a place where whisky was being received and kept for the purpose of being sold, for the reason that there was no proper predicate laid for the testimony. This court has repeatedly held that, before evidence of the general reputation of a place can be admitted, it must be proven that the place itself was a place of public resort, and not merely that it bore such a reputation. There is no evidence that the defendant had in any way been connected with the selling or furnishing of intoxicating liquor at this place. Yakum v. State, 30 Okla. Cr. 184, 235 P. 253.

To justify or sustain a conviction for having intoxicat-

ing liquor with the intent to violate the prohibitory laws there must be evidence sufficient, not only to prove possession, but also to prove criminal intent. Fitzgerald v. State, 39 Okla. Cr. 320, 264 P. 929.

The record fails to disclose any testimony connecting the defendant with the whisky alleged to have been found in the possession of Kidd, or to show any intent on the part of the defendant to sell whisky at this place. It was error for the court to permit the state to introduce testimony, over the objection of the defendant, as to the general reputation of his home, without the proper predicate first being laid showing that the defendant's place was a place of public resort. The evidence is insufficient to sustain a conviction.

The case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.