# JIM LEIGH v. STATE.

No. A-6468. Opinion Filed Jan. 5, 1929.
Rehearing Denied Jan. 19, 1929.
(273 Pac. 280.)

Cress & Tebbe and Moman Pruiett, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted, in the county court of Noble county, of maintaining a place where intoxicating liquors, to wit, whisky, is received and kept for the purpose of bartering, selling, giving away, and otherwise furnishing the same to others unlawfully, and was sentenced to pay a fine of $250 and be imprisoned in the county jail for 90 days. Motion for new trial was filed, considered, and overruled, exceptions saved, and defendant has appealed to this court.

The testimony of two hired witnesses for the

state, R. J. Smith and R. I. Wood, in substance shows that on the 28th day of May, 1926, they went to defendant's home on two different occasions and bought whisky from the defendant. The two witnesses named are what is generally styled professional witnesses, that is, they admit they were hired by some of the county officers to go to defendant's place and try to buy intoxicating liquors; they also admit, in their examination, that they are in the habit of drinking some. The record shows they have testified against other parties in Noble county. The court looks with disfavor on witnesses who admit they are being paid so much a day by the county officers to go out and detect or persuade persons to violate the law. We feel constrained to say that it is not advisable for the county officers to follow such a practice.

The testimony of the state wholly fails to show that the home of the defendant was a place of public resort, or that people congregated there for any purpose. The state called Fred Yeager, who testified that he knew where defendant lived on May 28, 1928, and the state then propounded the following question to the witness:

"Q. Did you know the general reputation of Jim Leigh's place, at this point on the corner of Fourth and I streets in the city of Perry, Noble county, Oklahoma, on May 28, 1928, as being a place where intoxicating liquors were received and kept for the purpose of sale?.

"Mr. Pruiett: We object to that as incompetent, irrelevant and immaterial, and if the court please, I want to be heard on that proposition, and ask that the jury be excluded from the court room.

"The Court: Gentlemen of the jury, you will be excluded for a few minutes. Remember the admonition heretofore given you, and you will remain out until called by the court."

Thereupon the counsel for the defendant proceeded to argue his objections to the court.

"The Court: I am going to overrule the objection, Mr. County Attorney, if you are willing to stand on what has been shown on the public resort proposition. Objection overruled.

"Mr. Pruiett: Exceptions."

The jury was returned into the courtroom, and the stenographer read the question to the witness.

"Mr. Pruiett: We would like to have the record show the same objection after reading the question; incompetent, irrelevant and immaterial.

"The Court: Overruled.

"Mr. Pruiett: Exceptions.

"A. Yes, sir.

"Mr. Howard: Was that reputation good or bad? A. Bad."

The same question, in substance, was propounded to the witnesses Francis Evans and W. W. Moore, and the same answers given over the objections of the defendant. This is, in substance, the testimony offered by the state.

The defendant called a number of witnesses in his own behalf as to the conduct of witnesses R. J. Smith and R. I. Wood, and as to the defendant's home not being a place of public resort.

It is urged by the defendant in his sixth assignment of error that the court erred in admitting, over the objection of the defendant, incompetent, irrelevant, and immaterial evidence on the part of the state as to the general reputation of the place on the corner of Fourth and I streets, in the city of Perry, Noble county, Oklahoma, on May 28, 1928, being a

place where intoxicating liquors were received and kept for the purpose of sale. This question has been before this court several times.

In Welch v. State, 35 Okla. Cr. 2, 246 P. 1113, this court, in the second syllabus, said:

"Before evidence of the general reputation of a place may be received as evidence in a case of unlawful possession of intoxicating liquors, it must be shown that the place itself was a place of public resort, not merely that it bore such a reputation." Lotta v. State, 30 Okla. Cr. 105, 235 P. 245; Yakum v. State, 30 Okla. Cr. 184, 235 P. 253; Conley v. State, 40 Okla. Cr. 128, 267 P. 491.

It is urged by the defendant that, if the court had excluded from the consideration of the jury the evidence as to the general reputation of his home, the jury would not have rendered a verdict of guilty on the testimony of the state witnesses, two of whom were R. J. Smith and R. I. Wood, known to be professional witnesses. The defendant also urges that the state offered no testimony to show that the home of the defendant was a place of public resort, or that people congregated there at all hours of the day or night. If the testimony of the witnesses admitted over the objection of the defendant, on the general reputation of his home as being a place where intoxicating liquors were kept for sale, had been excluded from the jury, no one can tell what the verdict of the jury would have been. Before evidence on behalf of the state would be admissible on the general reputation of defendant's home, it must be shown that the place itself was a place of public resort, not merely that it bore such reputation. We think the objection of the defendant to the testimony of the state upon the question of the reputation of his home

was well taken, and that the court erred in not sustaining the same.

There are some other errors assigned and urged by the defendant, but in the view we take of this record it is not deemed necessary to consider them. For the reasons herein stated, the case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.