## BILL PHILLIPS v. STATE.

No. A-6567. Opinion Filed May 18, 1929.
(277 Pac. 669.)

Hodge & Schenk, for plaintiff in error.

Edwin Dabney, Atty Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted in the county court of Carter county on a charge of possession of spirituous, vinous, fermented malt, and intoxicating liquors, and sentenced to pay a fine of $50 and costs and to be imprisoned in the county jail for a term of 30 days.   Motion for new trial was filed, considered, overruled, and defendant has appealed from the judgment to this court.

A demurrer was filed by the defendant to the information, which demurrer was considered by the court and overruled, and defendant duly excepted.   This is assigned as one of the errors committed by the court.   After an ex-

amination of the information we hold there was no merit in the demurrer of defendant, and the court properly overruled the same.

The defendant then filed a motion to suppress the evidence, in which motion to suppress he alleges that the arrest of the defendant was without authority of law and against his constitutional rights as a citizen of the state of Oklahoma, and, second, that the evidence sought to be introduced by the state was obtained by means of an unlawful search of defendant's private residence, and was an unauthorized search and seizure made in violation of the constitutional rights of the defendant. The motion to suppress the evidence was overruled, and defendant duly excepted. The state then called Jess Salyer as a witness. The defendant objected to any testimony whatever in the case being introduced for the reason that all the evidence obtained was secured by an unlawful, illegal, and unwarranted search and seizure, an invasion of man's home against his constitutional rights, which objection was overruled, and defendant duly excepted. Jess Salyer then testified he was constable of Hewitt township, and that he made application to the justice of the peace of Wilson for a search warrant and secured a search warrant to search the premises of the defendant; they found about twelve gallons of what he designated as choctaw beer. The state then had the application for the search warrant, and the search warrant identified as State's Exhibits A and B, and offered them in evidence. The defendant objected to the introduction of Exhibits A and B, as being the application for the search warrant, and Exhibit B being the search warrant, which objection was overruled, and defendant duly excepted.

After an examination of the record in this case, we do not deem it necessary to set out any more of the testi-

mony. The defendant has assigned a number of errors alleged to have been committed by the trial court, the first assignment being that the trial court erred in overruling defendant's motion for a new trial. The view we take of this record, this is the only assignment that is necessary to be considered. The defendant in the fourth paragraph of his motion for a new trial directed the court's attention to the error committed in admitting incompetent, irrelevant, and immaterial testimony, and documentary evidence, over the objection of the defendant, the documentary evidence being the application for the search warrant, the search warrant, and a copy of the analysis made by the chemist as to the alcoholic contents of what the witness claims to be choc beer found at the defendant's home.

It is urged by the defendant that the court erred in admitting over his objection the complaint for the search warrant and the search warrant, for the reason that the complaint for the search warrant contained the following allegations:

"That the aforesaid premises bears the reputation of being a place where intoxicating liquor may be purchased in violation of the statutes of Oklahoma.

"That the aforesaid premises further bears the reputation of being a place where intoxicating liquors are distilled and manufactured in violation of the statutes of Oklahoma."

It is urged by the defendant that these allegations in the complaint having been introduced by the state for the consideration of the jury were as damaging as if the witness had been placed on the stand to testify to the same facts; that the court erred in permitting the state to introduce the complaint containing the allegations, over the defendant's objection, for the reason that it put in issue the reputation of the defendant's home and premises

without the proper predicate having been laid for the introduction of such testimony.

The defendant further contends that, before the reputation of the general reputation of his home or place can be legally admitted, it must be shown that the place itself was a place of public resort, not merely that it bore such a reputation. There is no evidence in the record showing that parties resorted to the defendant's place or home, or that the defendant had in any way whatever been connected with the buying or selling of intoxicating liquors at his place. The objection of the defendant to the introduction of the complaint and application for the search warrant and the search warrant was well taken and the court should have sustained the same. It was error for the court to admit the complaint and warrant as to the reputation of the defendant's place without a proper predicate being laid by the state showing that the defendant's place was a place of public resort. To justify or sustain a conviction of having intoxicating liquor with intent to violate any provision of the prohibitory laws, there must be evidence sufficient not merely to prove possession, but also to prove criminal intent. Ward v. State, 15 Okla. Cr. 150, 175 Pac. 557; Fitzgerald v. State, 39 Okla. Cr. 320, 264 Pac. 929.

There are other·errors assigned, but in the view we take of this record, it is not deemed necessary to discuss them.

The case is reversed and remanded.

EDWARDS, P. J., and CHAPPELL, J., concur.