## WILL BRUNER v. STATE.

No. A.-7023.   Opinion Filed October 5, 1929.
(281 Pac. 319.)

Anglin & Stevenson, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted for having in his possession a quantity of intoxicating liquor, to wit, choctaw beer, with the unlawful intent and purpose to sell, give away, and otherwise furnish same to others, and was sentenced to imprisonment in the county jail for 30 days and to pay a fine of $50.

Motion for new trial was filed, considered, and overruled. The case was appealed to this court.

The testimony of the state, in substance, tended to show that the defendant in error had in his possession choctaw beer. No analysis of the beer was made. Two witnesses, who were deputy sheriffs, testifying for the state, stated that they tasted this beer, and it was intoxicating; one stated that he drank about as much as a wine glass would hold; and the other that he drank a small quantity of it. Both said it was intoxicating, but gave no reason further than their tasting and drinking a small quantity of it.

The state, in order to sustain its allegation, offered in evidence the affidavit for search warrant and the search warrant, which, omitting the captions, are as follows:

"I, G. A. Phillips, having first been duly sworn, upon oath, depose and say: That I have reason for believing, and do believe, that the following described personal property, to wit: Intoxicating liquors, are kept by the above

named Willie Bruner in violation of the prohibitory laws of the state of Oklahoma.

"That said intoxicating liquors are kept by the above named Willie Bruner upon his premises, in his house, barn or other out-buildings, or is secreted upon or about his place upon the following described lands in Hughes county, Oklahoma, to wit: N. W. quarter of sec. 10, township 7, range 10.

"The reasons for my belief as aforesaid, are: This affiant at different times in the day time and in the night time had seen people at and about said premises going to and from said premises and congregated about said premises and said premises to the personal knowledge of this affiant is a place of public resort where intoxicating liquors are kept, stored and handled for sale in violation of the prohibition law; this affiant knows the general reputation of said premises as being a place of public resort where intoxicating liquors are kept, stored, handled and sold and that reputation is bad and affiant knows the general reputation of the said Willie Bruner in the community for being a person who keeps for sale and sells intoxicating liquor in violation of law and that reputation is bad.

"Wherefore, affiant asks that a search warrant issue and that said property, to wit, intoxicating liquor, and said Willie Bruner be brought before the court and dealt with according to law."

"The State of Oklahoma.

"To any sheriff, constable, marshal, or policeman in this state—Greetings:

"Proof of affidavit having this day been made before me by G. A. Phillips that Will Bruner, the above named defendant, is in unlawful possession of intoxicating liquors, which he has and keeps upon his premises in his house, barn or other out buildings, or which is secreted upon or about his place upon the following lands

in Hughes county, to wit: N. W. quarter sec. 10, township 7, range 10.

"You are therefore in the name and by the authority of the state of Oklahoma, hereby commanded that taking all necessary assistance, you immediately, in the day time make diligent search of the above described premises, and if any or all of the above described property be found upon said premises or upon the person of the said that you take the same in your custody, and forthwith arrest the said Will Bruner and bring him together with said property, forthwith, before me at my office in Wetumka, in said county, then and there to be dealt with according to law."

The affidavit for the search warrant and the search warrant were admitted over the objections of the defendant.

At the close of the testimony, the defendant moved to strike from the record all the testimony of the state, for the reason that it was obtained by an unlawful search and seizure, which motion was overruled, and defendant duly excepted.

The defendant, as grounds for reversing this judgment, has assigned several errors: First. The court erred in overruling motion of plaintiff in error for new trial. Fifth. Error of the court in admitting incompetent, irrelevant, and immaterial testimony over the objections of the defendant.

These two assignments will be considered together, as they relate to the admission of incompetent, irrelevant, and immaterial testimony.

The defendant urges that the court erred in overruling his objections to the admission of the affidavit for the search warrant and the search warrant, for the reason that the affidavit for the search warrant and search warrant contained the following allegations:

"Affiant knows the general reputation of said premises as being a place of public resort, where intoxicating liquors are kept, stored, handled and sold, and that reputation is bad and affiant knows the general reputation of the said Willie Bruner in the community for being a person who keeps for sale and sells intoxicating liquor in violation of law and that reputation is bad."

It is urged by the defendant that these allegations in the complaint, having been introduced by the state for consideration of the jury, were as damaging as if the witness had been placed on the stand and testified to the same facts.

The court erred in permitting the state to introduce the affidavit for search warrant and search warrant containing the allegations, for the reason that it put in issue the reputation of the defendant's home and premises and the reputation of the defendant, without a proper predicate being laid for the introduction of such testimony.

It is further urged by the defendant that, before the general reputation of his home can be legally admitted in evidence, it must be shown that the place itself was a place of public resort, not merely that it bore such a reputation. The state failed to offer any evidence showing that parties resorted to this defendant's place or home or that the defendant had in any way whatever been connected with the buying or selling of intoxicating liquors at his place. We think the objection of the defendant to the introduction of application for the search warrant, and the search warrant, was well taken, and the court should have sustained the same. It was an error for the court to admit the application for the search warrant, and the search warrant as to the reputation of defendant's place and the defendant without a proper predicate being laid by the state, showing that the defendant's place was

a place of public resort. Lumpkins v. State, 36 Okla. Cr. 256, 253 Pac. 909; Leigh v. State, 41 Okla. Cr. 332, 273 Pac. 280; Phillips v. State, 43 Okla. Cr. 174, 277 Pac. 669; Welch et al. v. State, 35 Okla. Cr. 2, 246 Pac. 1113; Beatty v. State, 34 Okla. Cr. 418, 246 Pac. 1103.

There are other errors assigned, but, in the view we take of this record, it is not necessary to consider them. For the errors herein mentioned, the case is reversed and remanded.

EDWARDS, P. J., and CHAPPELL, J., concur.