## MINERVA LETT v. STATE.

No. A-6835.   Opinion Filed Oct. 19, 1929.
(280 Pac. 728.)

C. F. Gowdy, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

The plaintiff in error, hereinafter referred to as the defendant, was convicted of having possession of choctaw beer with intent to sell, barter, give away, and furnish the same to others, and was sentenced to pay a fine of $50 and to be imprisoned in the county jail for 30 days. The

record was perfected and the defendant has appealed to this court.

The testimony on behalf of the state tended to show that a number of pints of home brew were found near the home of the defendant, who lived with her husband and family. In the taking of the testimony on behalf of the state, when witness G. A. Taylor was on the witness stand, the following questions were propounded and the following answers given:

"Q. On or about that time and prior thereto, did you know the reputation of this place as being a place where intoxicating liquor could be purchased? Mr. Gowdy: We object to that as incompetent, irrelevant, and immaterial, and for the further reason he said it was not in any place. The Court: Overruled. Mr. Gowdy: Exceptions. Mr. Chappell: Did you know, Mr. Taylor? A. Yes, sir. Q. Was that reputation good or bad? A. Bad."

The state was further permitted, over the objections of the defendant, when Henry Lowery was testifying, to ask the following questions, and the witness gave the following answers:

"Q. Did you know, or do you know the general reputation of the place where she lived, on or about the 22nd day of September, 1927? A. Yes, sir. Q. As to whether or not intoxicating liquors could be purchased or obtained there? A. Yes, sir. Q. You may state it to the court? Mr. Gowdy: Object to that question as incompetent, irrelevant, and immaterial, and it is not shown that the place has any connection with the place where the liquor was found. The Court: Overruled. Mr. Gowdy: Exceptions. Q. What was that reputation? A. Bad."

In view of the record in this case we do not deem it necessary to refer at length to the testimony. The de-

fendant has assigned several errors alleged to have been committed by the trial court in the taking of the testimony and in its instructions. The only error we deem necessary to consider is assignment 6:

"The court erred in admitting incompetent, immaterial, and irrelevant testimony to be introduced by the state, over the objection of the defendant, the plaintiff in error here."

This assignment relates to the calling into question of the reputation of the place of the defendant as being a place where intoxicating liquors could be purchased. The witnesses Taylor and Lowery, both of whom claim to be officers, over the objection of the defendant, were permitted to testify that the reputation of the place where the defendant lived was bad. This question has been before this court so often that it is hardly necessary to cite authorities. In Welch v. State, 35 Okla. Cr. 2, 246 Pac. 1113, this court in the second paragraph of the syllabus, said:

"Before evidence of the general reputation of the place may be received as evidence in a case of unlawful possession of intoxicating liquors, it must be shown that the place itself was a place of public resort, not merely that it bore such reputation."

Welch v. State, supra, was cited with approval in Conley v. State, 40 Okla. Cr. 128, 267 Pac. 491; and Leigh v. State, 41 Okla. Cr. 332, 273 Pac. 280.

The testimony offered by the state, over the objection of the defendant, as to the general reputation of the defendant's home was inadmissible. Before evidence on behalf of the state is admissible on the question of the general reputation of the defendant's home, it must be shown that the place itself was a place where intoxicating

liquors could be purchased or obtained, not merely that it bore such reputation. The objection of the defendant to the introduction of the testimony of the state upon the question of the reputation of her home was well taken, and the court erred in not sustaining the same.

It is not necessary to consider the other errors assigned. The case is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.