WILLIAM DAY v. STATE.

No. A-7089. Opinion Filed March 8, 1930.
(287 Pac. 1060.)

Bristow & Johnson, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Caddo county on a charge of having unlawful possession of ten gallons of whisky, and his punishment fixed at a fine of $500 and confinement in the county jail for 90 days.

The evidence of the state was that the officers visited the residence of the defendant with a search warrant, and found a ten-gallon keg of whisky. The evidence of the defendant was that he had been in Texas with his wife for two or three days, and a son testified that, in the absence of his father, and without his knowledge or consent, he had taken the whisky to his house and concealed it. The court permitted the county attorney to introduce evidence of the general reputation of defendant's house as being a place where intoxicating liquors were kept and sold without first proving that such residence was a place of public resort.

This court has repeatedly held that proof of the reputation of the residence could not be introduced until it was first shown that the residence actually was a place of public resort and not merely that it had such reputation. Miller v. State, 36 Okla. Cr. 277, 253 Pac. 1039; Fitzgerald v. State, 39 Okla. Cr. 320, 264 Pac. 929; Leigh v. State, 41 Okla. Cr. 332, 273 Pac. 280.

There was no evidence offered by the state of previous sales of liquor to show intent on the part of defendant. For the reasons stated, the cause is reversed.

EDWARDS, P. J., and DAVENPORT, J., concur.