## JESSE MALCOLM v. STATE.

No. A-7802.   Opinion Filed Nov. 19, 1930.
(293 Pac. 268.)

Freeman E. Miller, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, for convenience referred to as the defendant, was convicted of having possession of mash fit for distillation of whisky, and two gallons of spirituous liquor, and was sentenced to pay a fine of $150 and be imprisoned in the county jail for 30 days.   The defendant has appealed from said judgment to this court.

The testimony on behalf of the state, in substance, shows that the defendant rented what was known as the Kelly place and had subrented some of this land to a colored man by the name of Paul Ealom; that the said Ealom and wife were living on the farm at the time the search was made by the officers who claim they found a large quantity of mash, fit for distillation, and some whisky.   The only testimony in the record which tends to connect the defendant with the possession of the mash is the testimony of Paul Ealom and his wife.   All the officers know is they found the mash on the place the de-

fendant had rented, and which he had subrented a portion to Paul Ealom. The testimony shows that Ealom and wife occupied the improvements on the place, except one room which the defendant had reserved for his own use when he was out at the farm. Some testimony was introduced by the state tending to show conversations of the defendant with other parties in which he admitted that the mash and whisky found belonged to him.

The defendant testified in his own behalf, and admitted he had rented a portion of the Kelley farm to Paul Ealom to cultivate, but denied he had told Paul Ealom he would try to make the whisky, and, if anything came up, Paul would take the blame for it. The defendant further testified that he did not know anything about the whisky being there.

On cross-examination defendant stated he went out to the farm often, sometimes once a day, and carried feed to his chickens and hogs. The feed consisted of oats and chops; "I never carried any bran out there; I never fed any sugar out there; I would go home every night from the farm; I moved to the farm several days after I made the contract, and after this charge was filed against me. Before Paul Ealom was arrested I would go out there to feed my chickens and hogs, and to look after the place; I had two mules, three hogs, and about 75 head of chickens on the place." This is in substance the testimony.

The defendant has assigned several errors alleged to have been committed by the court in the trial of his case. When the case was called for trial, and before the trial began, the defendant demurred to the information, on the ground, first, that the said information did not state facts sufficient to charge the commission of a public offense by the defendant. Second, that said information

is so vague, indefinite, and uncertain in its averments that it does not apprise the defendant of the charge sought to be made, and does not enable a person of common understanding and knowledge to be informed of what it intends to charge against the defendant. Third, that said information is duplicitous and charges more than one offense against the defendant.

The charging part of the information is as follows:

"That on the 13th day of May, 1929, one Jesse Malcom, then and there being, did then and there willfully, and unlawfully, manufacture, ferment, and possess a certain quantity of mash, to wit: 325 gallon of mash, fit for distillation of whisky, and two gallons of spirituous liquor, the sale, barter, giving away or otherwise disposing of which is prohibited by the laws of the state of Oklahoma."

Section 2608, C. O. S. 1921, in part provides that the defendant may demur to the indictment or information, when it appears upon the face thereof that more than one offense is charged in the information or indictment.

Section 1 of the Session Laws 1923-24, page 43, c. 42, is as follows:

"It shall be unlawful for any person, or persons, within this state to manufacture, ferment or possess, any compound mixture, mash, wort or wash fit for distillation, or for the manufacture of beer, wine, distilled spirits, or other alcoholic liquors, the sale, barter, giving away or otherwise disposing of which is prohibited by the laws of the state of Oklahoma."

Section 7002, C. O. S. 1921, defines the offense of manufacturing, selling, bartering, giving away, and otherwise furnishing spirituous, fermented, or malt liquor, or any imitation thereof, or substitute therefor, and prescribes a penalty for its violation. It is urged by the de-

fendant in this case that the information is bad, for the reason that it charges two offenses, one for possession of spirituous liquor, and one for the manufacture and possession of mash fit for distillation. Section 2558, Comp. St. 1921, says:

"The indictment or information must charge but one offense; but where the same acts may constitute different offenses, or the proof may be uncertain as to which of two or more offenses the accused may be guilty of, the different offenses may be set forth in separate counts in the same indictment or information and the accused may be convicted of either offense, and the court or jury trying the cause may find all or either of the persons guilty of either of the offenses charged, and the same offense may be set forth in different forms or degrees under different counts; and where the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count."

The information in this case, without question, charges two separate and distinct offenses, one for manufacturing, fermenting, and possessing a certain quantity of mash fit for distillation, as provided in section 1, c. 42, Session Laws 1923-24, p. 43, and one for the manufacture of spirituous, vinous, fermented, or malt liquors in violation of section 7002, C. O. S. 1921, by manufacturing spirituous liquor, to wit, whisky. In this state, by both the statute and by numerous decisions of this court, it is well settled that the defendant cannot be placed on trial for two offenses at the same time. Where it appears that a defendant was called upon to defend two separate offenses, over his objection and exceptions, a conviction cannot stand. The information in this case is duplicitous. Cole et al. v. State, 38 Okla. Cr. 396, 262 Pac. 712.

The court erred in overruling the demurrer of the defendant to the information. There are other errors as-

signed by the defendant, but in the view we take of this record it is not necessary to consider them.

For the reason stated, the case is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.