## FRANK GING v. STATE.

No. A-8816.  March 29, 1935.

(42 Pac. [2d] 902.)

E. W. Snoddy, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.  The plaintiff in error, for convenience hereinafter referred to as the defendant, was convicted of having possession of a still, and sentenced to pay a fine of $50 and serve 30 days in jail.

The state called Nels Nelson, who testified, in substance, that he was a deputy sheriff on the 3d day of April, 1934.  The witness identified state exhibit A, which was a search warrant issued to search the premises of the defendant; the defendant objected to the identification of the search warrant by the witness, which objection was overruled and exceptions saved.  The county attorney then offered in evidence state exhibit A, the same being the search warrant, and the defendant objected to the same on the grounds that it was incompetent, irrelevant, and immaterial.  The objection was overruled and defendant duly excepted.  The allegations in the search warrant are as follows:  "That intoxicating liquors are being manufac-

tured, sold, bartered, given away and otherwise furnished and being manufactured and kept for the purpose of sell- ing, bartering, giving away and otherwise furnishing, in violation of the laws of the State of Oklahoma, by certain persons, to-wit: one Frank Ging, in a certain building, to-wit: the buildings, houses, barns, caves, silos and appurtenances thereunto belonging located on the E½ of the NE¼ and the NW¼ of the NE¼ and the E½ of the SE¼ all in sec. 25-23-14, W. I. M., Woods county, Okla.; that said premises are a place of public resort; that the said Frank Ging has the general reputation in the community where he resides of being a moonshiner; that the said premises have the general reputation in the community where located of being a place where intoxicating liquors are made and manufactured; that said Frank Ging on or about the 27th day of March, 1934, purchased a condenser for a still; that affiant was near the premises on April 2, 1934, and while there could smell the odor of whisky mash."

There were other witnesses who testified for the state, but the view we take of this record it is not necessary to set out the testimony or refer to the same.

The only error that it is necessary for this court to consider is as follows: "Because the court erred in admitting in evidence the search warrant offered by the State of Oklahoma, and recitations therein, over the objections of the plaintiff in error."

This question has been before this court many times. The allegations in the search warrant which were admitted over the objections of the defendant, as evidence in chief, put in issue the reputation of the defendant, his home, and his place of business. The state had no right to go into the reputation of the defendant until it has first been put in issue by him, which has not been done in this case. We

hold the objection of the defendant to the introduction of search warrant was well taken and the court should have sustained the same. Beatty v. State, 34 Okla. Cr. 418, 246 Pac. 1103; Welch et al. v. State, 35 Okla. Cr. 2, 246 Pac. 1113; Lumpkins v. State, 36 Okla. Cr. 256, 253 Pac. 909; Leigh v. State, 41 Okla. Cr. 332, 273 Pac. 280; Phillips v. State, 43 Okla. Cr. 174, 277 Pac. 669; Bruner v. State, 44 Okla. Cr. 425, 281 Pac. 319; Johnson v. State, 52 Okla. Cr. 76, 2 Pac. (2d) 972.

The recitations in the search warrant are with reference to the offense charged, and the introduction of the search warrant as independent evidence in chief was an error prejudicial to the rights of the defendant.

For the reason herein stated the case is reversed.

DOYLE, J., concurs. EDWARDS, J., not participating.