TOM THORNHILL v. STATE.

No. A-8948. Oct. 11, 1935.
(50 Pac. [2d] 415.)

E. W. Snoddy and H. C. Crandall, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error, Tom Thornhill, was convicted in the county court of Woods county, upon an information, charging that in said county on or about the 22d day of December, 1934, he did have unlawfully in his possession certain intoxicating liquors, with the intention to convey, sell, or otherwise dispose of the same.

The jury failed to agree upon the punishment. Motion for a new trial was filed, presented, and denied. March 5, 1935, the court entered judgment and sentenced him to confinement in the county jail for a period of ninety days and to pay a fine of $150 and the costs.

Upon the trial, the state was permitted to introduce in evidence, over objection, the complaint and affidavit for search warrant and the search warrant. Under which

authority the sheriff and two deputies searched the home of plaintiff in error.

The first witness called by the state, Ken W. Greer, sheriff of Woods county, testified that he had known Tom Thornhill for 15 to 20 years; knew where he lived in the town of Waynoka, and on December 22, 1934, in executing a search warrant, with the assistance of two deputies, searched and seized the intoxicating liquors in question. He then, over objection, identified the complaint and affidavit for search warrant and the search warrant, and over objection the same was admitted in evidence.

The affidavit and complaint, among others, contains the following recitation:

"That the affiant is personally acquainted with the said Tom Thornhill and knows the general reputation thereof in regard to being a person who engages in the intoxicating liquor traffic, in the community wherein he resides, and knows that said person has the general reputation in said community of being a person who engages in the illicit liquor traffic; that affiant is personally acquainted with the above-described premises, and knows the general reputation thereof in the community where situated and knows that said premises have the general reputation in said community of being a place where intoxicating liquors are made and kept for the purpose of sale and trade."

The search warrant contains the same recitation.

By numerous decisions of this court it has been held before evidence of the general reputation of the place may be received as evidence in a case of unlawful possession of intoxicating liquors, it must be shown that the place itself was a place of public resort, not merely that it bore such reputation.

In the recent case of Ging v. State, 57 Okla. Cr. 20, 42 Pac. (2d) 902, 903, it is said:

"The allegations in the search warrant which were admitted over the objections of the defendant, as evidence in chief, put in issue the reputation of the defendant, his home, and his place of business. The state had no right to go into the reputation of the defendant until it has first been put in issue by him, which has not been done in this case."

Citing numerous cases and concluding:

"The recitations in the search warrant are with reference to the offense charged, and the introduction of the search warrant as independent evidence in chief was an error prejudicial to the rights of the defendant."

A person accused of crime is entitled to a fair and impartial trial, conducted according to the established principles of law, the most important of which is that the verdict of the jury shall be founded only upon competent evidence. Upon the record in this case, we are convinced that the plaintiff in error did not have that fair and impartial trial to which he was entitled under the law.

For the reasons stated, the judgment herein is reversed.

DAVENPORT, P. J., and EDWARDS, J., concur.