## JOHNNY WHITWELL v. STATE.

No. A-9432. Oct. 28, 1938.
(83 P. 2d 881.)

R. K. Robertson, of Sapulpa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, J.   On information charging that in Creek county on the 14th day of September, 1935, Johnny Whitwell did have in his possession two and one-half pints of whisky and one-half pint of gin, with the unlawful intention of selling the same, he was convicted, and in accordance with the verdict of the jury was sentenced to pay a fine of $50 and serve a jail term of 30 days.

To reverse the judgment he appeals and assigns as error the insufficiency of the evidence to sustain the verdict, and:

"That the court erred in overruling the defendant's motion to suppress the evidence obtained under a pur-

ported and illegal search warrant, for the reason that no legal affidavit was filed upon which said warrant could issue, and that no copy of a search warrant was ever served upon the defendant, and that said warrant was not issued, served and returned as required by law."

The record recites that when the case was called for trial the county attorney stated:

"We have made diligent search for the original search warrant in this case, and it cannot be found in the court clerk's office. The affidavit for the search warrant was executed on the 14th day of September, 1935 by Curt Brumley, and subscribed and sworn to before your Honor. The information is gone. Not in the files, and we ask permission at this time to offer a certified copy of the information. Mr. Robertson: Your Honor, please, we will agree to the substitution. Mr. Harris: We are ready, your Honor. Mr. Robertson: We have a motion to suppress. We would like to have Mr. Brumley sworn."

Curt Brumley testified that he is a deputy sheriff and made affidavit for a search warrant in this case before the county judge.

The affidavit, omitting situs, reads in part as follows:

"Curt Brumley, being first duly sworn, on his oath states: That intoxicating liquors are being sold, bartered and given away, and are being kept and stored for the purpose of sale, barter and gift, in violation of the prohibitory laws of the state of Oklahoma, on the following described premises and the buildings thereon, to wit:

"Lot 6, Block 37, original town of Sapulpa, Creek county, Oklahoma, said premises occupied by Johnny Whitwell.

"That the reason for affiant's knowledge and belief as aforesaid is that he has been told by several persons that liquors are being kept, stored, bartered, sold and given away on and about said premises; that the names of such persons are at this time unknown to affiant."

He further testified that he made twelve or possibly fifteen affidavits for search warrants that day, and they were all the same.

Cross-examination:

"Q. Did you obtain a search warrant upon this affidavit? A. Yes, sir. Q. Did you execute it? A. I think Mr. Chandler did. Q. Now, upon what did you base your information that intoxicating liquor was kept, stored, bartered, sold or given away from the above and said premises? A. Just as I said, rumors, and what people said. Q. Who told you? A. Two or three. I could not tell you who it was. The Court: Mr. Brumley, you have rumors of places that you don't investigate, don't you? A. Some, not many. Q. But you didn't make search upon all the rumors you had? A. Well, not all of them, no. Q. No, you didn't ask a search warrant and search all the places you had rumor on? A. No, sir. The Court: Motion overruled. (Exception.)"

A substantial statement of the evidence follows:

Lee Snyder testified, as court clerk, he has custody of the files in the case of State v. Johnny Whitwell. Asked:

"Q. Have you ever seen the original search warrant? Answered: I would not say that I have seen the search warrant, I have seen the rest of the papers. Q. Have you seen the affidavit for a search warrant? A. Yes, sir. Q. I hand you what has been marked 'State's Exhibit One', tell the court and jury exactly what that it? A. That is an affidavit for search warrant to search lot 6, block 37, original town of Sapulpa. Q. And what court was that issued from? A. George D. Willhite, county judge. County Attorney: I ask that it be offered in evidence. (Over the defendant's objection the affidavit was admitted in evidence.)"

Curt Brumley testified that he is a deputy sheriff, under Lew Wilder, sheriff, and made a search of what is known as Johnny's Cafe on or about September 14, 1935, that he had a search warrant and served it on Johnny Whitwell.

He further testified:

"Q. What did you find? A. I don't know, two or three pints of whisky, I don't know just exactly what it was.

Q. Where did you find it? Mr. Robertson: Object to this testimony and ask it be stricken unless the search warrant is proven, because that is the only authority by which this evidence can get into this record and to the jury. The Court: Further qualify the witness. Q. Did the search warrant contain the same description? A. I would have to check it on the book down there to see. I know it did. Mr. Robertson: We object and ask that the answer be stricken. The Court: He said he knew it. Objection overruled. (Exception.)"

On cross-examination he was asked:

"Now, Mr. Brumley, did you testify just prior to this case, on motion to suppress evidence? A. Yes, sir. Q. And didn't you testify then that Mr. Ben Chandler served the search warrant? A. I don't think so."

Redirect-examination:

"Q. Did you make a return to the search warrant? A. Yes, sir. Q. And who did you make the return to? A. To the undersheriff, Mr. Pickett. Q. Did the return you made on the search warrant show the amount of whisky you recovered at that place? Objected to as not the best evidence. The Court: Overruled. Exception.)"

Ben Chandler testified that he was a deputy sheriff under Lew Wilder, sheriff.

He further testified as follows:

"Q. Did you assist Mr. Brumley in making the raid? A. The both of us, yes, sir. Q. Who served the search warrant there? A. Curt Brumley. Q. Did you find anything there? A. I didn't."

Carson Antrikin testified that he was a deputy sheriff, appointed by Lew Wilder, and was present when the search was made at Johnny's Cafe.

Asked what was found if anything.

Over the defendant's objection that the search warrant would be the best evidence. Answered: "Curt Brum-

ley found the whisky, I was in the front of the restaurant at the time."

Curt Brumley recalled testified as follows:

"Q. I will hand you what has been marked as 'State's Exhibit 2.' and tell this court and jury what it is? (Objected to as incompetent, no lawful search having been proven for the admission of such evidence.) The Court: Objection overruled. (Exception.) A. Pint of whisky taken from Johnny Whitwell's Cafe. Mr. Collins: Ask that it be offered. (Same objection as heretofore made. Overruled. Exception.)"

At the close of the state's evidence the defendant demurred thereto and moved for a directed verdict of acquittal. Overruled. Exceptions.

Thereupon the defendant requested the court to instruct the jury that no seizure or search can be made only upon a valid and lawful search warrant, and the state has not proven any such existed in this case, and therefore they should acquit the defendant. "The Court: Refused. Exception allowed."

On the motion for new trial hearing, Margaret Jennings, called as a witness, testified that she served as court reporter and reported the case. Asked if the state offered in evidence a bottle of bonded whisky, identified by the witness, Curt Brumley. Counsel for the state objected on the ground that Mr. Robertson had opportunity at the time this evidence was offered to make an objection. Mr. Robertson stated:

"I appeal to the record. I objected to the introduction of this evidence. The Court: All right. Objection sustained."

Thereupon Mr. Robertson offered to show by this witness that she as such reporter marked the bottle as "State's Ex. 2, Oct. 13-1937. Margaret Jennings, Rep." That on this bottle there appears the statement: "This whisky taken in raid at Johnny's Cafe, the same being

the place of Johnny Whitwell. Officers Ben Chandler and Curt Brumley. Dated 11-12-1936." And that at the time this bottle was offered and received in evidence there was a government seal thereon of the Internal Revenue Department of the U. S., that covered the top of the bottle, and had not been broken, and on said seal there appeared the government stamp of the year 1936; that said seal was intact when it was received by her and that it was intact when it was turned over by her to Mrs. Hayes, the regular court reporter, and offered to show by this witness that a portion of the seal which contained the year 1936 stamped thereon has been torn off. That she would so testify if permitted to do so.

"The Court: Objection sustained. Exception allowed. The Court: The statement that this court is going to make does not apply to Mr. Robertson, but this court is going to make this statement: That it is evident from the circumstances in this case that there has been some evidence fixing going on in this case. The evidence shows that this raid was made September 14, 1935, and the label on this bottle here bears an entirely different date from what the date alleged in the information bears, and there must have either been some very gross error on the part of somebody unintentionally, or some intention on the part of somebody who had something to do with that evidence. The Court (continuing): This motion for new trial is overruled. (Exception.)"

It is evident from the record that the defendant was convicted, the evidence and the law to the contrary notwithstanding.

Probable cause for the issuance of a search warrant is a mixed question of law and fact, and the true test of sufficiency of complaint or affidavit to warrant the issuance of a search warrant is whether it has been drawn in such a manner that perjury could be charged thereon if any material allegation contained therein is false. Mason v. State, 60 Okla. Cr. 392, 64 P. 2d 1238.

The statute, section 2644, St. 1931, 22 Okla. St. Ann. § 1264, of the Prohibition Enforcement Act, provides that:

"Any officer willfully making a false affidavit, as provided in section one of this act, shall be guilty of perjury, and upon conviction therefor shall be imprisoned in the penitentiary not less than two years nor more than five years for each offense."

It is a well established rule of the law of evidence that the best evidence must be produced of which the nature of the case is capable.

The rule of evidence shall be produced, to the exclusion of secondary and hearsay, is violated by the admission of oral testimony to show the contents or recitals of a search warrant.

The statement of the custodian of a record as to its contents is no more valuable than the statement of any other person who has read it. The record itself is the evidence, and the affidavit and the warrant issued thereon is the best evidence of what they contain. Where the record is lost or destroyed, the statute, section 810, St. 1931, 67 Okla. St. Ann. § 1, provides the procedure for substitution. Uhlenhake v. State, 58 Okla. Cr. 248, 52 P. 2d 117.

Section 3233, St. 1931, 22 Okla. St. Ann. § 1233, provides that a return to a search warrant shall be verified by the affidavit of the officer. The written return to the execution of a search warrant is ordinarily the best evidence as to what the executing officers did. Welch v. State, 30 Okla. Cr. 330, 236 P. 68.

Section 2635, St. 1931, 37 Okla. St. Ann. § 84, of the Enforcement Act, provides in part as follows: "and to make return of said warrant within three days, showing all acts and things done thereunder, with a particular statement of all property and things seized."

Section 2642, St. 1931, 22 Okla. St. Ann. § 1261, of the Enforcement Act, provides that in all cases where intoxicating liquors shall be seized by an officer, with or without a search warrant, such officer is required within five days to make a written report under oath and file the same with the county clerk of the county where the same shall be so seized, which report shall state the name of the officer or person making the seizure, the place where seized, and an inventory of the intoxicating liquors so taken into possession. The sheriff and his deputies shall be required to make the affidavit and otherwise comply with the provisions of this act, provided that all liquors so seized shall be preserved for use as evidence in the trial of any action growing out of such seizure, and all officers seizing any such liquors are hereby required to mark the bottles or containers for identification by writing thereon the date of the seizure and the name of the person from whom seized.

Under section 2654, St. 1931, 37 Okla. St. Ann. § 94, of this act, all sheriffs, constables, marshals, and police officers are required to do and perform their duties as required by the provisions of this act. If any such officer shall fail and refuse to do or perform any duty required by the provisions of this act, he is subject to being removed from office as therein provided.

The Enforcement Act does not make invalid what was legally done under authority of a search warrant by failure of the officer to make due return thereon.

This court has held that a search warrant, otherwise valid, which has been executed within ten days from the time it was issued, is not rendered invalid by failure of the officer to make return thereon. Viadock v. State, 30 Okla. Cr. 374, 236 P. 56; Youngblood v. State, 32 Okla. Cr. 336, 240 P. 1100.

Upon the record before us we hold that the court erred in the admission of oral testimony against the de-

fendant's objections to show the recitals of a search warrant, and to show the return of the officer thereon.

And the admission of the affidavit as independent evidence was prejudicially erroneous. Williams v. State, 34 Okla. Cr. 359, 246 P. 895; Weeks v. State, 41 Okla. Cr. 95, 270 P. 858; Bruner v. State, 44 Okla. Cr. 425, 281 P. 319; Ging v. State, 57 Okla. Cr. 20, 42 P. 2d 902; Thornhill v. State, 58 Okla. Cr. 114, 50 P. 2d 415.

The affidavit in this case shows upon its face that it was made on information and belief.

This court has repeatedly held that an affidavit for a search warrant, made on information and belief, is not sufficient to authorize the issuance of a search warrant, unless the affiant states the facts upon which his belief is based, and shows that the facts stated are within his personal knowledge, and it must appear that such facts are sufficient to constitute probable cause. Garrett v. State, 40 Okla. Cr. 195, 267 P. 683; Bornheim v. State, 39 Okla. Cr. 224, 264 P. 921; Cole v. State, 38 Okla. Cr. 396, 262 P. 712; Sprinkle v. State, 36 Okla. Cr. 36, 251 P. 614; Hancock v. State, 35 Okla. Cr. 96, 248 P. 1115; Hall v. State, 34 Okla. Cr. 334, 246 P. 642.

It follows from the foregoing review that there was no competent evidence showing that the officers had lawful authority to search the defendant's place, and that all the state's evidence was improperly admitted in violation of the defendant's constitutional and statutory rights.

The judgment of the trial court is accordingly reversed, and the cause remanded with direction to dismiss.

DAVENPORT, P. J., and BAREFOOT, J., concur.