## MONTEL HAGER v. STATE.

No. A-1767.   Opinion Filed July 5, 1913.

(133 Pac. 263.)

1. **WITNESSES—Mode of Examination.**   Police court methods in the examination of witnesses in courts of record in Oklahoma will not be tolerated.

2. **SAME—Cross-Examination—Insulting Insinuations.**   Great latitude should be allowed in the cross-examination of witnesses, and they may be interrogated in a proper manner with reference to any matter which may tend to affect their credibility, but they should not be asked questions which are full of insulting insinuations and intimations that they are guilty of some other crimes than that for which they are upon trial.

3. **APPEAL—New Trial—Misconduct of Prosecuting Attorney.**   Where the record shows that counsel for the state in a prosecution of a person charged with crime has been guilty of conduct calculated to arouse prejudice or passion against the defendant and to prevent the accused from having a fair and impartial trial, a conviction had will be set aside, and a new trial granted.

4. **SAME—Harmless Error—Extent of Doctrine.**   The doctrine of harmless error will not be extended to such an extent as to deprive a defendant of a fair trial.

*Appeal from County Court, Pottawatomie County;*
*Ross F. Lockridge, Judge.*

Montel Hager was convicted of giving away whisky, and appeals.   Reversed.

*S. P. Freeling* and *I. C. Saunders,* for appellant.

*C. J. Davenport,* Asst. Atty. Gen., for the State.

FURMAN, J.   Appellant was prosecuted for giving away whisky; and, being upon the stand as a witness in his own behalf, was subjected to the following cross-examination:

"Q.   You kept whisky at the camp ever since you have been employed haven't you?   (Objected to as incompetent, irrelevant, and immaterial, which objection was overruled by the court.   Defendant excepts).   A.   I have not.   Q.   Been furnishing the convicts whisky?   (Objected to as incompetent, irrelevant, and im-

material, which objection was overruled by the court.  Defendant excepts.)    A. I have not.    Q. Do you remember the occasion about two weeks ago of holding up the Indian agent out by the slaughter pens and drawing your gun; you was drunk and made him get out of your way?  By S. P. Freeling: The defendant objects as incompetent, irrelevant, and immaterial.    By the Court: Objection overruled.    To which ruling of the court the defendant excepts.    Q. You· had a camp out there didn't you?  A. Where was it?    Q. Out there by the slaughter pens at that bridge across the Canadian river, between here and Shawnee?  A. No, sir; I didn't.    Q. The county had a camp there?  A. Yes, sir.    Q. You had charge of it?    A. No, sir.    Q. You was there as guard?    A. Yes, sir.    Q. Who had charge of the camp?    A. G. T. Redding.    Q. You don't remember seeing the Indian agent come along there last fall?    A. I don't think I did.    Q. Was you ever drunk?    A. No, sir; I don't think I was, not at the bridge.  Q. Was you ever drunk any place else when you were on the road as guard?    S. P. Freeling: Defendant objects as incompetent, irrelevant and immaterial.    The Court: Objection overruled.  To which ruling of the court the defendant excepts.    A. I have drank some.    Q. Along in the winter, didn't you drive one of the county's teams in town and stop in front of the courthouse and fall off the wagon?    You was so drunk you fell· down there?  S. P. Freeling: Defendant objects as incompetent, irrelevant, and immaterial.    The Court: Objection overruled.    To which ruling of the court the defendant excepts.    A. I don't know.    Q.  You was so drunk you don't know?    A. I don't remember.    Q.  If you had done it, you would have remembered it, wouldn't you?    A. Well, I don't know.    Q. You don't know whether you did or whether you didn't?    S. P. Freeling: Defendant objects as repetition.    By the Court: Objection overruled.    To which ruling of the court defendant excepts.    A. I couldn't say.    To the best of my recollection I didn't.    I wouldn't answer positively.  Q. How long have you been working for the county?    A. In what capacity?    Q. In connection with the road camp.    A. I think it was the last part of last March.    Q. March, 1911?    A. Yes, sir.  Q. When did you quit?    A. The 13th day of February.    S. P. Freeling: Defendant objects as incompetent, irrelevant, and immaterial.    By the Court: Objection overruled.    To which ruling of the court defendant excepts.    A. I was arrested charged with giving the boys whisky.    Q. Did you resign?    A. I did not.    Q. How were your connections with the road camp severed?    A.  The way it was commenced I presume.    Q. By the same authority that placed you there?    A. I don't know how it was."

We cannot indorse this method of treating a defendant.

In the case of *Will Harris v. State,* 9 Okla. Cr. 658, 132 Pac. 1121, this court endeavored to emphasize its views as to the necessity of treating a defendant fairly at every stage of his trial. See, also, *Thompson v. State,* 9 Okla. Cr. 525, 132 Pac. 695, decided at the last term of this court. In the case of *Jelts v. State,* 7 Okla. Cr. 734, 123 Pac. 1130, this court said:

"There is other prejudicial cross-examination disclosed by the record. This court has always been exceedingly liberal with the prosecuting attorneys of this state, and endeavors always to uphold every proper conviction brought here on appeal. But a prosecuting attorney should not permit his high office to be prostituted in the interest of malice or oppression. He should not be guilty of indulging in the character of examination disclosed by this record. It does not make any difference how guilty a man is, he ought to be tried in a fair and impartial manner, and according to law. Prosecuting attorneys are not charged with the duty of securing convictions by improper methods. They should see that substantial justice is meted out in the manner provided by law, and no conviction should be sought or demanded unless it can be had by compliance with the safeguards and rules established to prevent oppression. A conviction had under the circumstances disclosed by the record under consideration cannot be sustained."

The doctrine of harmless error will become intolerable if absolute fairness is not accorded defendants upon trial. The idea which some prosecuting attorneys and trial judges appear to entertain, that, when a defendant is upon trial charged with a criminal offense, he has no rights which courts and prosecuting attorneys are bound to respect, has no foundation in justice or in law. Every man is presumed to be innocent until his guilt has been established in a fair trial to the satisfaction of the jury beyond a reasonable doubt.

It is true that great latitude should be allowed attorneys in cross-examining witnesses, but their questions should not contain insulting insinuations and intimations that a defendant is guilty of some other crime. See *Watson v. State,* 7 Okla. Cr. 590, 124 Pac. 1101. In that case this court said:

"When the record discloses that counsel for the state, in the prosecution of a person charged with crime, has been guilty of

conduct calculated to arouse the prejudice or passion of the jury and prevent the accused from having a fair and impartial trial, a conviction had should be set aside by the trial court, and a new trial awarded."

The cross-examination in the case at bar is full of insinuations and intimations that appellant was guilty of a number of offenses, which could not be otherwise than prejudicial to appellant, and upon this ground alone the judgment of the trial court will be reversed and the cause remanded for a new trial. This court stands squarely for the doctrine of harmless error, but it is equally committed to the doctrine that fairness must prevail in the trial of criminal cases. We will not tolerate police court methods in courts of record. Trial courts should confine the cross-examination of witnesses to legitimate subjects of inquiry, and should not permit a witness to be brow-beaten or asked insulting questions.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.

ARMSTRONG, P. J., and DOYLE, J., concur.