## JONES v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
March 25, 1927.

No. 7440.

1. **Intoxicating liquors ⬅⮞202—Counts charging possession and sale of liquor held not demurrable for failure to charge use for beverage purposes.**

In prosecution for possessing and selling intoxicating liquors, counts of information charging such offenses *held* not demurrable; because they failed to charge that alcohol mentioned was for use for beverage purposes.

2. **Criminal law ⬅⮞304(20)—Court judicially knows that whisky, brandy, and alcohol are intoxicating liquor.**

Court takes judicial notice that whisky, brandy, and alcohol are intoxicating liquor.

3. **Intoxicating liquors ⬅⮞222—Information in prosecution for possessing and selling liquor need not anticipate defense of lawful possession.**

In prosecution for unlawful possession and sale of intoxicating liquors, it is not necessary for information to anticipate or negative possible defenses, such as that of lawful possession.

4. **Intoxicating liquors ⬅⮞224—Where witness testified that liquor was intoxicating after 50 per cent. dilution, court may assume that it was at least equally intoxicating before being diluted.**

In prosecution for possessing and selling liquor, where witness testified that liquor was intoxicating after being diluted 50 per cent. with cherry syrup and water, court may assume that it was at least equally intoxicating before being diluted.

5. **Criminal law ⬅⮞1202(1)—Conviction for possessing and selling intoxicating liquor held not error, notwithstanding absence of evidence supporting allegation of prior conviction.**

In prosecution for possessing and selling liquor, where evidence was sufficient to support conviction and sentence did not exceed that provided for first offense, conviction was not error, though no evidence was offered to show prior conviction of possession, alleged in the information, since prior conviction is no ingredient of the offense itself.

6. **Criminal law ⬅⮞1202(7)—Question of absence of evidence supporting allegation of prior conviction in liquor prosecution cannot be raised for first time on appeal.**

Complaint that no evidence was introduced to support allegation of prior conviction, in

prosecution for possessing and selling liquor, cannot be raised for first time on appeal.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

James G. Jones was convicted of unlawfully possessing and selling intoxicating liquors, and he brings error. Affirmed.

William Pfeiffer, of Oklahoma City, Okl., for plaintiff in error.

Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl. (Leslie E. Salter, Asst. U. S. Atty., of Oklahoma City, Okl., on the brief), for the United States.

Before STONE and VAN VALKENBURGH, Circuit Judges, and SYMES, District Judge.

SYMES, District Judge. The plaintiff in error, Jones, appeals from a conviction for the unlawful possession and the unlawful sale of intoxicating liquors, to wit, alcohol, on May 2, 1925. The only witness called by either side, W. N. Dodge, testified for the government that he called the defendant Jones at his home on the telephone and stated that he wanted a gallon of alcohol, which the defendant agreed to deliver. A short time thereafter the defendant brought a gallon of alcohol to Dodge at the latter's drug store, and received $15 in payment.

The first or possession count charged that the defendant "did then and there knowingly, willfully, and unlawfully have in his possession and under his control intoxicating liquor, to wit, alcohol, contrary to the form of the statute," etc., and the second or sales count alleged that the defendant "did then and there knowingly, willfully and unlawfully sell and deliver to W. N. Dodge intoxicating liquor, to wit, alcohol."

[1-3] The first assignment of error is that the court erred in overruling the defendant's demurrer to these counts, because they failed to charge that the alcohol mentioned was for use for beverage purposes. There is no merit in this argument. It is well settled that the court may take judicial notice of the fact that whisky, brandy, alcohol, etc., are intoxicating liquor. Neither is it necessary in an information to anticipate or negative possible defenses such as that of lawful possession. Keen v. U. S., 11 F.(2d) 260; Massey v. U. S. (C. C. A.) 281 F. 293. Further, there was direct evidence by the purchaser, an experienced druggist, that what the defendant sold him was grain alcohol, and not denatured; that he and his friends used it as a beverage; and that it was, in fact, intoxicating.

[4] A point is made of the fact that the government witness, Dodge, would not say that the alcohol was intoxicating when delivered to him. He testified that he diluted it about 50 per cent. with cherry syrup and water before consuming it. But if, as the witness testified, it was then intoxicating, we may assume that it was at least equally so before being thus diluted, there being no other change made in it. The Hill Case (D. C.) 1 F.(2d) 954, cited by defendant, is not in point. There the question was whether the mash had reached such a state in the process of fermentation that it was in fact intoxicating.

[5, 6] The information contained a general allegation of a previous conviction of the defendant for the unlawful possession of liquor, but no evidence of any prior conviction was offered. Therefore it is argued that the court should have granted the defendant's motion for a directed verdict. The prior conviction is no ingredient of the offense itself; so if the evidence is otherwise sufficient, and the sentence does not exceed that provided for a first offense, there is no error. Moreover, the record does not disclose that this allegation of the complaint was in any way adverted to in the course of the trial, and we fail to see how the defendant was prejudiced thereby. But, if so, it could have been cured by calling it to the attention of the trial judge by a requested instruction, or in some other manner. The question cannot be raised here for the first time.

It follows, from what we have said, that the judgment should be affirmed; and it is so ordered.