## JOE JOHNSON v. STATE.

No. A-8086. Sept. 5, 1931.

(2 Pac. [2d] 972.)

Justin Hinshaw, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of the possession of intoxicating liquor, with the intent to barter, sell, give away, or otherwise furnish to others, and was sentenced to pay a fine of $500 and to be imprisoned in the county jail for six months. Motion for new trial

was filed, considered, and overruled, and the defendant duly excepted.

The state, in order to sustain its allegations, over the objection of the defendant, offered in evidence the affidavit for the search warrant and the search warrant, which affidavit for the search warrant and the search warrant, omitting the captions and jurats, are as follows:

"Be it remembered, That on this day, before me, the undersigned, county judge in and for Cleveland county, state of Oklahoma, came W. W. Jennings, who, being by me duly sworn, deposes and says, that the prohibitory liquor laws of the state of Oklahoma have been and are being violated by reason of the facts, towit:

"That in and upon the premises hereinafter described, and the buildings situated thereon, intoxicating liquors, to wit: Whisky, wine, beer, have been and are now being unlawfully manufactured, possessed, kept, stored, used, sold, bartered and disposed of; and a still, mash, vats, barrels, and other containers, designed and intended for use in the unlawful manufacture of intoxicating liquors are kept and used, said premises and buildings being described as follows, towit:

"708 Lahoma St., City of Norman, Okla., same being a place of public resort.

"Being premises of Hazel Brown, and being situated in the county of Cleveland, State of Oklahoma."

"The State of Oklahoma,

"To Frank Boggs, Sheriff of Cleveland County, Oklahoma, or to any Deputy therein:

"Whereas, complaint on oath, and in writing, supported by affidavit has this day been made before me, George Allen, County Judge in and for said County and State, by W. W. Jennings alleging that the prohibitory laws of the State of Oklahoma are being violated by reason of the following facts, towit:

"That in and upon the premises hereinafter described and the buildings situated thereon, intoxicating liquors, towit: Whisky, wine, and beer have been, and are now being unlawfully manufactured, possessed, kept, stored, used, sold, bartered and disposed of; and other articles designed and intended for use in the unlawful manufacture of intoxicating liquors are kept and used, said premises and buildings being described as follows, towit:

"708 Lahoma St., City of Norman, Okla., same being a place of public resort.

"Being the premises of Hazel Brown and being situated in the County of Cleveland, State of Oklahoma."

The defendant alleges that the court erred in overruling his motion for a new trial and in the admission of incompetent evidence. The recitations in the application for the search warrant and the search warrant were with reference to the offense charged, and the introduction of the affidavit for the search warrant and the search warrant as independent evidence was error prejudicial to the rights of the defendant. Bruner v. State, 44 Okla. Cr. 425, 281 Pac. 319.

It is not necessary to consider the other errors assigned. For the error herein mentioned, the case is reversed.

EDWARDS and CHAPPELL, JJ., concur.