## ERVIN WEAVER v. STATE.
No. A-10266.    March 29, 1944.
(147 P. 2d 800.)

Tyree & Busby, of Lawton, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Ervin Weaver, was charged in the county court of Comanche county with the unlawful possession of intoxicating liquor, was tried, convicted and sentenced to serve 90 days in the county jail and pay a fine of $500 and costs and has appealed.

The testimony of the state was that certain officers of Comanche county, armed with a search warrant, made a search of a room in the Mayflower Hotel and found 12 half pint bottles of whisky. That the defendant Weaver was in the room at the time it was searched.

The evidence of defendant was that the rooms in question were occupied by one Willis and not by the defendant, and that the liquor belonged to Willis and not the defendant.

There are many assignments of error presented in the brief of defendant. Some of them will not be discussed for the reason that the same question will not arise in a new trial, and we have come to the conclusion that the case will have to be reversed on account of the commission of errors, which will be hereinafter discussed.

Over the objection and exception of the defendant, the court admitted in evidence, as primary evidence of the state, the affidavit for search warrant and the warrant

which was used by the officers in making the search of the premises where the liquor herein involved was seized. The recitations in the affidavit and in the search warrant set forth certain facts pertaining to the offense charged against defendant. Some of the statements would not have been admissible in the trial of the case if the state had sought to make proof of the same.

In Lucas v. State, 56 Okla. Cr. 413, 41 P. 2d 131, it is held:

"The state offered in evidence a search warrant reciting that 'intoxicating liquors are being kept for the purpose of selling and otherwise furnishing said liquor in violation of law by the defendant.' Held, that as the recitals of the search warrant were with reference to the essence of the offense charged, the admission of the warrant as independent evidence was prejudicial."

See, also, Hollingsworth v. State, 53 Okla. Cr. 280, 10 P. 2d 458; Bruner v. State, 44 Okla. Cr. 425, 281 P. 319; Weeks v. State, 41 Okla. Cr. 95, 270 P. 858. Obviously the court erred in allowing these exhibits to be admitted as primary evidence of defendant's guilt.

It is next insisted that the trial court erred in denying the application requesting the county judge to certify his disqualification to preside over the trial of the case. The application to disqualify was filed on the day of the trial and was based on a statement allegedly made by the county judge when a motion for a continuance was filed a few months previous to that time, in which the county judge had stated that he thought the application for a continuance was framed and that defendant had gone to the hospital to keep from going to trial.

The proof offered in support of the application was not sufficient to show that the county judge was disquali-

fied. The record shows that the court was extremely fair with the defendant. Nothing was said by the judge during the trial of the case which showed the existence of any bias or prejudice on his part. He had refused to commit him to the county jail after certain appeals of the defendant to this court on other liquor convictions had been affirmed because he did not want the defendant to be prejudiced by reason of his being incarcerated in jail at the time the instant case was tried. Counsel for defendant had waived a jury and the county judge set aside the order waiving the jury and reset the case on the jury docket. We do not believe that there was sufficient showing made to sustain the contention that the county judge was disqualified.

In addition to that the application for disqualification was not timely presented.

In Young v. State, 74 Okla. Cr. 64, 123 P. 2d 294, 295, it is stated:

"Under the above statute a written application should be filed setting forth the grounds or facts upon which the claim is made that the judge is disqualified. A reasonable notice should be given to the other side of the hearing, and should the trial judge refuse to certify his disqualification within three days before said cause is set for trial, application may be made to this court in criminal cases for mandamus requiring him so to do.

"Due diligence should be used in making the application, and should not be delayed until the day the case is set for trial.

"Where one had knowledge of the grounds of disqualification for more than three days prior to the day set for trial, and did not avail himself of the procedure prescribed by the above statute, he cannot urge the disqualification on appeal."

It is claimed that the trial court erred in denying the motion of defendant to disqualify the jury panel by reason of certain statements made in the presence of the jury by the trial judge. The statements were made by the trial judge in connection with certain questions propounded by the judge to counsel for defendant, who was testifying in support of the application to disqualify the judge. In the questions asked by the court the following statements appear:

"Q. Yesterday, when you presented your motion here for continuance in this case and I overruled your motion, and later when the sheriff picked him up and was putting him in jail on the remanding conviction up there and you immediately brought him in before me? A. Yes. Q. The sheriff wanted to take him to jail and it took a court order to keep him out of jail? A. Yes."

Counsel for defendant contends that the court, by these remarks, had prejudiced the rights of defendant in calling attention to the fact that defendant had other cases upon which he had been convicted and was about to be incarcerated in the county jail by reason of those convictions. That the county judge, by said remarks, placed the character of the defendant in issue before the jury panel. That all of the jury panel were seated in the court room awaiting a call to sit in the instant case, and that said remarks were prejudicial and reversible error. In connection with this point, it is urged that the verdict itself was excessive and shows that the jury acted by reason of passion and prejudice engendered in their minds against the defendant by reason of these remarks of the court.

We have given this assignment of error particular attention. Standing alone it probably would not be sufficient grounds for a reversal of this case, although it

might be sufficient to justify a reduction of the punishment which was imposed. But when this proposition is considered along with the other assignments of error, they are sufficient to require this court to reverse the cause for a new trial.

We shall not discuss the assignments of error such as the failure to sustain the motion for a continuance, and others, as the questions involved in them will not appear in the new trial.

The judgment of the county court of Comanche county is accordingly reversed and remanded for further proceedings in accordance with this opinion.

BAREFOOT, J., concurs. DOYLE, J., not participating.