JOSEPH OVILA SAVALIER v. STATE.

No. A-10684.    Oct. 1, 1947.

(185 P. 2d 476.)

88

Wade Arends, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for defendant in error.

JONES, J. This is an appeal by the defendant, Joseph Ovila Savalier, from a conviction in the court of common pleas of Oklahoma county, for the crime of unlawful possession of intoxicating liquor.

Only two questions are presented by the appeal. It is first argued that the trial court erred in admitting in evidence as part of the state's case in chief the search warrant issued by the magistrate and used by the officers in making the search of defendant's premises.

The record discloses that at the time the search warrant was offered in evidence, counsel for defendant strenuously objected to its admission, but the objections were overruled with an exception allowed to defendant. Counsel for defendant furthermore repeatedly made objection to the witness testifying from the search warrant and at the conclusion of the testimony of the witness, Caldwell, counsel moved for a mistrial because of the introduction of the search warrant in evidence, which motion likewise was overruled.

The search warrant contains a long recital of the evidentiary facts recited in the affidavit for search warrant. These recitals of facts are similar to those used in many of the forms of affidavits frequently used in procuring warrants for the search of property for intoxicating liquors. Among other things, it alleged that the affiant had personal knowledge that the premises were used for the storage of intoxicating liquors for the purpose of violating the laws of Oklahoma and that affiant had personal knowledge that devices, furniture, fixtures and other appliances for use in selling and disposing of intoxicating liquors were on said premises; that persons congregated at said building for the purpose of buying and drinking intoxicating liquors, etc. The return on the search warrant recited that the defendant was in possession of said property at the time of the search.

The recitations in the search warrant and the return thereon tended to establish facts very materially against

the defendant. The intent to barter, sell or otherwise dispose of intoxicating liquor contrary to law is a material element of the offense of unlawful possession of intoxicating liquor. The defendant did not take the witness stand; his character had not been placed in issue. The admission of the warrant placed the character of the defendant in issue which was highly prejudicial.

So far as we are advised, this court has, in every instance where such question has been raised, reversed the conviction of the accused and held the admission of a search warrant as independent evidence of defendant's guilt was prejudicial error. Lucas v. State, 56 Okla. Cr. 413, 41 P. 2d 131; Bruner v. State, 44 Okla. Cr. 425, 281 P. 319; Weeks v. State, 41 Okla. Cr. 95, 270 P. 858; Williams v. State, 34 Okla. Cr. 359, 246 P. 895; Johnson v. State, 52 Okla. Cr. 76, 2 P. 2d 972.

The defendant also complains of the giving of instructions Nos. 5 and 6, which read as follows:

"You are further instructed that the possession of intoxicating liquor in an amount in excess of that provided by and allowed by law, is prima facie evidence of an intent to sell, convey or otherwise dispose of the same contrary to law."

"But while this is prima facie evidence of an intent on the part of the defendant on trial to convey, barter, sell or otherwise dispose of the same contrary to law, it is a presumption which can be rebutted and removed by proof to the contrary."

In the recent cases of Hughes v. State, 85 Okla. Cr. 25, 184 P. 2d 625; Id., 85 Okla. Cr. 35, 184 P. 2d 630; Id., 85 Okla. Cr. 37, 185 P. 2d 236; Id., 85 Okla. Cr. 39, 185 P. 2d 238, Judge Barefoot discussed the insufficiency of such instruction at length and those cases were reversed by

reason of the giving of said instructions without making them full enough so as not to unfairly place the burden on the defendant of proving his innocence.

We suggest that in the future after the trial court has given an instruction based on the statute relative to the prima facie evidence of defendant's guilt by reason of the possession in excess of one quart of intoxicating liquor (Tit. 37 O. S. 1941 § 82), he should give a further instruction defining the term prima facie evidence and we suggest that the instruction be given in substantially the following language: "The term 'prima facie evidence' as that term is used in the statute above mentioned is that degree of proof which unexplained or uncontradicted is sufficient, if it be credited by the jury, to establish the unlawful intent, yet it does not make it obligatory upon the jury to convict after the presentation of such proof; whether or not such evidence is sufficient to overcome the presumption of innocence of defendant and to establish his guilt beyond a reasonable doubt, when all the evidence is considered, is for the determination of the jury, and the term prima facie evidence as applied to the evidence does not shift the burden of proof from the state to the defendant."

Counsel for the defendant further say the court should have gone further and instructed the jury that possession of whisky exclusively for a person's own personal use is not a violation of law. As an abstract proposition of law the statement may be correct. The court's instructions must be based on the issues. The defendant did not testify and offered no evidence in his behalf. There was nothing in the evidence to require the court to give such instruction. The record does not bring this case within

the rule stated in Bock v. State, 80 Okla. Cr. 28, 156 P. 2d 381.

For the reasons hereinabove set forth, the judgment and sentence of the court of common pleas of Oklahoma county is reversed for this offense.

BAREFOOT, P. J., and BRETT, J., concur.