ERNEST WALLACE v. STATE.

No. A-11015. June 22, 1949.

(208 P. 2d 190.)

Welch, Bounds & Kile, of Hugo, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

BRETT, J.   Plaintiff in error Ernest Wallace, defendant below, was charged in the county court of Choctaw county by information, with the unlawful possession of intoxicating liquor, tried before a jury, convicted and sentenced to 30 days in the county jail and to pay a fine of $50.   From this judgment he appeals.

The decisive proposition presented by the defendant is that the trial court erred in not sustaining his motion to suppress the evidence.   This contention is predicated upon the following facts:   In the search warrant the premises were described as a "frame building occupied by Ernest Wallace, used as such and also as a storage for liquor; also barns, caves, garages, aud all out-buildings located on * * * Lot 1-2-3-4 in Block 85 in that part of the city of Hugo known as Original Townsite, Choctaw County, Oklahoma * * *".   The only evidence offered on the motion to suppress was presented by the defendant.   The defendant's evidence established that block 85 had been intersected by what is known as "A" Street, so that lots 1 and 2 are located on the west side of "A" street and lots 3 and 4 are located on the east side of "A" street.   On each side of the street located on said lots is a frame building.   The building located on lots 1 and 2 on the west side of "A" street is owned and occupied by Ernest Wallace wherein he conducts a

grocery store. The other building located on lots 3 and 4 on the east side of "A" street is owned by a Mr. Coggins and occupied by the Hugo Candy Company. The state offered nothing to the contrary. The record is silent as to either of the said buildings bearing any marks of distinction such as distinguishing signs, etc., to separate the Wallace place from the Hugo Candy Company. The only language appearing in the search warrant to distinguish between them are the words "a frame building occupied by Ernest Wallace". On these facts the search and seizure was made. It appears from the record, the officer under the description in the search warrant was compelled to resort to discretion as to whether he would search the frame building located on lots 1 and 2 on the west side of "A" street or the frame building located on lots 3 and 4 on the east side of "A" street. It is clear that in legal contemplation this warrant described more than one place since there were two frame buildings located on lots 1, 2, 3 and 4 as described in the warrant.

It is established law that a search warrant must so particularly describe the place to be searched that the officer to whom it is directed may determine the place from the warrant, leaving no discretion as to the place to be searched. Herrion v. State, 79 Okla. Cr. 48, 150 P. 2d 865; Young et al. v. State, 63 Okla. Cr. 196, 74 P. 2d 392; Weisband v. State, 69 Okla. Cr. 79, 100 P. 2d 297. In the Herrion case, supra, the land described was 80 acres on which was situated four cabins other than the one under the control of the defendant. Therein this court said: "In construing the above principle of law, this court has held that an affidavit for search warrant describing the premises to be searched as certain property is insufficient to furnish a particular de-

scription of the place to be searched where it is shown that the premises so designated were owned and occupied by several persons, so that it was in fact several places. Lucas v. State, 56 Okla. Cr. 413, 41 P. 2d 131; Young v. State, supra; Stouse v. State, 62 Okla. Cr. 46, 70 P. 2d 145."

The search warrant herein described premises owned and occupied by persons other than that occupied by Ernest Wallace, so, in fact, it described two places calling for the exercise of discretion, which the law does not permit. Such is the situation in the case at bar.

This court has held that the test of the sufficiency of a search warrant is, whether an officer unfamiliar with the location of the defendant's premises would have had difficulty in locating it from the descriptive averments contained in the warrant, without seeking aid from any other source than that set forth in the warrant. Kutz v. State, 83 Okla. Cr. 324, 177 P. 2d 139; Hughes v. State, 83 Okla. Cr. 16, 172 P. 2d 435, 436. In the latter case this court said:

"If the descriptions in search warrant are sufficient to enable officer executing the search warrant to locate the premises to be searched without aid of any other information save that contained in warrant, the warrant is sufficient."

It is clearly established in this state that if the place to be searched cannot be so located the warrant is insufficient. Even though the search warrant herein involved named the defendant Ernest Wallace, under the foregoing tests of sufficiency that fact alone will not validate the warrant. The situation herein presents a blanket warrant describing premises on which are located more than one house occupied by persons other than Er-

nest Wallace. It is not like the case of Staley v. State, 73 Okla. Cr. 355, 121 P. 2d 324, wherein his house was the only house on the lots 12 to 19 even though lot 12 was vacant and belonged to another person. Under this record, from the warrant, the officer serving the same could not tell whether Wallace lived in the frame house located on lots 1 and 2 or in the frame house located on lots 3 and 4, and would be compelled to resort to some other source of information than the descriptive information contained in the warrant in order to determine which of the houses was the Wallace premises. To sustain this search and seizure would constitute a violation of the defendant's constitutional rights against unlawful searches and seizures. Bill of Rights § 30; Title 22 O. S. A. 1941 § 1226; Title 37 O. S. A. 1941 § 84.

There are other reversible errors contained in the record which we mention without discussion, such as the admission in evidence over defendant's objection in the trial in chief of the affidavit and search warrant. Savalier v. State, 85 Okla. Cr. 87, 185 P. 2d 476, and numerous authorities therein cited. Furthermore, the court misdirected the jury in instruction No. 2-E as to possession of an illegal amount of liquor constituting prima facie evidence of unlawful intent. The instruction given by the court followed the erroneous pattern condemned in Savalier v. State, supra, and in Hughes v. State, 85 Okla. Cr. 25, 184 P. 2d 625; Badgett v. State, 89 Okla. Okla. Cr. 268, 207 P. 2d 359. For all of the reasons hereinbefore set forth, the judgment and sentence herein involved should be and the same is hereby reversed and the defendant ordered discharged.

JONES, P. J., and BAREFOOT, J., concur.