# EDWARDS v. STATE.

No. A-11047.   Nov. 30, 1949.

(212 P. 2d 150.)

212

John L. Ward, Jr., Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J.    The defendant Martin Edwards was charged by information in the court of common pleas of Tulsa county, Okla., tried by a jury and convicted of the offense of unlawful possession of intoxicating liquor. He was sentenced by the court to five months in the county jail and to pay a fine of $350 and costs.

Briefly, the evidence upon which the conviction was had was as follows, to wit, that a valid search warrant offered in evidence had been obtained for the search of the defendant's automobile.    The defendant was observed driving east from the gates of the Mid-Continent Refinery on 17th street.    When he saw the officers he attempted to outrun them, and they gave chase.    The chase continued through heavy traffic.    He was overtaken after a shot was fired at his tires and a blow-out precipitated. A search of his car was made and disclosed four cases of whisky.

The defendant first contends that the court erred in admitting in evidence over his objection, in the state's case in chief, the search warrant issued for the search of the defendant's automobile.    This court has repeatedly held that it is error for the court to permit the state to introduce the search warrant as primary evidence where the recitals of such warrant are with reference to the essence of the offense charged.    Wallace v. State, 89 Okla. Cr. 365, 208 P. 2d 190; Weaver v. State, 78 Okla. Cr. 277, 147 P. 2d 800; Lucas v. State, 56 Okla. Cr. 413, 41 P. 2d 131; Savalier v. State, 85 Okla. Cr. 87, 185 P. 2d 476, 477 (both of said last two cited cases involve only the introduction of the warrant in evidence).    In the latter case the court said:

"The defendant did not take the witness stand; his character had not been placed in issue. The admission of the warrant placed the character of the defendant in issue which was highly prejudicial.

"So far as we are advised, this court has in every instance where such question has been raised, reversed the conviction of the accused and held the admission of a search warrant as independent evidence of defendant's guilt was prejudicial error. Lucas v. State, 56 Okla. Cr. 413, 41 P. 2d 131; Bruner v. State, 44 Okla. Cr. 425, 281 P. 319; Weeks v. State, 41 Okla. Cr. 95, 270 P. 858; Williams v. State, 34 Okla. Cr. 359, 246 P. 895; Johnson v. State, 52 Okla. Cr. 76, 2 P. 2d 972."

In the case at bar the defendant did not take the witness stand and make an issue of his character and reputation. The admission of the search warrant in the instant case was therefore highly prejudicial and constitutes reversible error.

Next, the defendant contends that the court erred in permitting over his objection and exception the assistant county attorney to make improper and highly prejudicial remarks and statements to the jury in his opening statement, and to ask highly improper questions during the trial of the case in relation to the defendant's business. In his opening statement the county attorney was permitted to say: "The evidence will further be that Martin Edwards is a liquor dealer." "The evidence will further be, Gentlemen of the Jury, that Martin Edwards is a well known liquor dealer, and so known by the deputies." "That he was a liquor dealer, he was known as such from experience, they will relate that to you from the witness stand." The defendant contends that these statements were incompetent, highly prejudicial and inflammatory, and that the court should have sustained his objection thereto. In the trial of the case this line of at-

tack was followed up when the assistant county attorney asked Deputy Sheriff Raines "Do you know what his business is?" to which the officer replied "Yes, sir." The court sustained defendant's objection to this question and answer, but there is merit in defendant's contention that by asking it counsel brought to the attention of the jury his remarks made in his opening statement. He further contends that the court added strength to the jury's impression by stating "It may be prejudicial. I am going to sustain it and let the jury pass upon what his business is." The defendant contends that his business was not an issue in the case. With this contention we must agree. As heretofore observed the defendant did not put his reputation in issue and the state could not prove his reputation in chief against him. In Wilkerson v. State, 9 Okla. Cr. 662, 132 P. 1120, this court said:

"Where a defendant is on trial charged with having possession of intoxicating liquors with intent to sell the same, it is not competent for the state to prove, as evidence in chief against him, that he has the general reputation of being a bootlegger."

A recent opinion by the late Judge Barefoot, on the same identical point involving this same defendant, following the rule announced in Wilkerson v. State, supra, is Edwards v. State, 85 Okla. Cr. 125, 186 P. 2d 333. The state could not attack the character or reputation of the defendant unless he offers evidence in support of his good reputation. Pressley v. State, 71 Okla. Cr. 436, 112 P. 2d 809; Kirk v. State, 11 Okla. Cr. 203, 145 P. 307, and numerous other cases to the same effect. The defendant's contention in this regard is well grounded since all of the foregoing was designed to attack the reputation and character of the defendant, which the de-

fendant had not made an issue; the same therefore was highly prejudicial and constituted reversible error.

The defendant next contends that the court committed reversible error in giving Instruction No. 6, which reads as follows: "Gentlemen of the Jury: You are instructed that under the prohibitory laws of the State of Oklahoma, the possession of one quart or more of intoxicating liquor is prima facie evidence of the intent to violate the law. However, you are further instructed that this is subject to be rebutted by proper evidence."

He cites in this connection the cases of Hughes v. State, 85 Okla. Cr. 25, 184 P. 2d 625; Savalier v. State, 85 Okla. Cr. 87, 185 P. 2d 476; Stump v. State, 66 Okla. Cr. 391, 92 P. 2d 616; Klaber v. State 35 Okla. Cr. 238, 250 P. 142. In all of the cases cited on this point this court held the giving of such an instruction to be reversible error, but in all of the cases an objection was interposed and an exception saved to the giving of the said instruction. We find that no objection and exception was saved to the giving of the instruction in the case at bar. In Miller v. State, 89 Okla. Cr. 200, 206 P. 2d 245, this court said:

"We have carefully examined the record in this case, and do not find that any exception was taken by defendant to the giving of any of the instructions, and no requested instruction was asked calling the attention of the court to this proposition. We have often held that a case will not be reversed by reason of an erroneous instruction where no exception was taken to the giving of the same, unless it was such as deprived the defendant of a substantial right or was in violation of a constitutional or statutory right. Rider v. State, 79 Okla. Cr. 43, 151 P. 2d 67; Gaddy v. State, 81 Okla. Cr. 236, 162 P. 2d 787; Dooley v. State, 82 Okla. Cr. 243, 168

P. 2d 651; Chapman v. State, 84 Okla. Cr. 41, 178 P. 2d 638."

Such is the situation in the case at bar. No objection and exception being saved to the giving of the instruction and the question not being raised in the motion for new trial, and being raised for the first time on appeal comes too late.

The defendant assigns as further grounds for reversal the admission in evidence over the defendant's objection and exception evidence tending to show the defendant in attempting to escape arrest drove his automobile at an excessive rate of speed through heavy traffic narrowly avoiding collision with a Chevrolet sedan. It was not error to admit this evidence. The same was clearly admissible as constituting a part of the res gestae, and also was permissible as proof tending to establish a circumstance of guilt. Rushing v. State, 86 Okla. Cr. 241, 190 P. 2d 828; Broyles v. State, 83 Okla. Cr. 83, 173 P. 2d 235; Graham v. State, 80 Okla. Cr. 159, 157 P. 2d 758.

The defendant complains the verdict of the jury was the result of passion and prejudice engendered by all of the foregoing. This contention we believe to be wholly without merit.

For the reasons hereinbefore set forth this case is reversed, with directions to again try the defendant.

JONES, P. J., and POWELL, J., concur.