## FOSTER v. STATE.

No. A-11016.   Dec. 14, 1949.

(213 P. 2d 290.)

Robt. H. Warren, Hugo, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J.   The defendant, Virgil Foster, was charged in the county court of Choctaw county with the unlawful possession of intoxicating liquor; was tried,

convicted and sentenced to serve 30 days in the county jail, and pay a fine of $50 and costs, and has appealed.

Defendant perfected his appeal to this court, and thereafter filed a brief and supplemental brief. The Attorney General has orally expressed to the court his intention not to file a brief herein, because of the strength of the defendant's position from a legal standpoint.

We have carefully read the record and defendant's briefs. At the trial of the case, the state offered but one witness, the sheriff of the county, and in his direct examination we find the following:

"Mr. Jenner [The County Attorney]: We offer the search warrant in evidence. By the Court: It may be admitted. By Mr. Warren [Attorney for Defendant]: We object to the introduction of the search warrant in evidence in this cause. By the Court: Overruled."

This error was raised in the motion for new trial, the petition in error, and in the briefs of defendant.

In the case of Savalier v. State, 85 Okla. Cr. 87, 185 P. 2d 476, 477, this court held:

"The recitations in the search warrant and the return thereon tended to establish facts very materially against the defendant. The intent to barter, sell or otherwise dispose of intoxicating liquor contrary to law is a material element of the offense of unlawful possession of intoxicating liquor. The defendant did not take the witness stand; his character had not been placed in issue. The admission of the warrant placed the character of the defendant in issue which was highly prejudicial.

"So far as we are advised, this court has in every instance where such question has been raised, reversed the conviction of the accused and held the admission of a search warrant as independent evidence of defendant's guilt was prejudicial error." Citing a long list of cases.

With the conclusion established that the court committed error in permitting the state to introduce the search warrant over the objection of the defendant, it is unnecessary to discuss the other propositions presented in plaintiff's brief.

The judgment of the county court of Choctaw county is reversed.

JONES, P. J., and BRETT, J., concur.