## SEAY v. STATE.

No. A-11347.   Feb. 28, 1951.

(228 P. 2d 665.)

Garrett & Garrett and Norman & Wheeler, Muskogee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, P. J.  Plaintiff in error Cecil Seay, defendant below, was charged by information in the county court of Muskogee county, Oklahoma, with the offense of unlawful possession of 21 fifths, 20 pints, 3 half pints of whisky, 14 fifths of gin, 20 pints of gin and 3 fifths of rum, on or about April 18, 1949 at his residence in the city of Muskogee.  The defendant was tried by a jury, convicted and the jury being unable to agree on his punishment the same was fixed by the trial judge at 90 days imprisonment in the county jail and a fine of $300, and judgment and sentence was entered accordingly.

There are numerous assignments of error but it will only be necessary for us to discuss at length those we

believe to be decisive of the issues herein, the principal one of which the Attorney General confesses constitutes reversible error. The confession of error by the Attorney General relates to the introduction in the state's case in chief of the search warrant under which the search was conducted and the hereinbefore described liquor was seized. The introduction in evidence of the search warrant in the state's case in chief clearly constituted reversible error. Edwards v. State, 90 Okla. Cr. 211, 212 P. 2d 150, 151, wherein we said:

"This court has repeatedly held that it is error for the court to permit the state to introduce the search warrant as primary evidence where the recitals of such warrant are with reference to the essence of the offense charged. Wallace v. State, 89 Okla. Cr. 365, 208 P. 2d 190; Weaver v. State, 78 Okla. Cr. 277, 147 P. 2d 800; Lucas v. State, 56 Okla. Cr. 413, 41 P. 2d 131; Savalier v. State, 85 Okla. Cr. 87, 185 P. 2d 476, 477 (both of said last two cited cases involve only the introduction of the warrant in evidence). In the latter case the court said:

" 'The defendant did not take the witness stand; his character had not been placed in issue. The admission of the warrant placed the character of the defendant in issue which was highly prejudicial.

" 'So far as we are advised, this court has in every instance where such question has been raised, reversed the conviction of the accused and held the admission of a search warrant as independent evidence of defendant's guilt was prejudicial error. Lucas v. State, 56 Okla. Cr. 413, 41 P. 2d 131; Bruner v. State, 44 Okla. Cr. 425, 281 P. 319; Weeks v. State, 41 Okla. Cr. 95, 270 P. 858; Williams v. State, 34 Okla. Cr. 359, 246 P. 895; Johnson v. State, 52 Okla. Cr. 76, 2 P. 2d 972.'

"In the case at bar the defendant did not take the witness stand and make an issue of his character and

reputation. The admission of the search warrant in the instant case was therefore highly prejudicial and constitutes reversible error."

This case therefore must be reversed for the foregoing reason if for none other.

But there are other serious errors in relation to admissibility of evidence, but since this case must be tried again we shall merely call attention to other serious errors in the hope that they may not be repeated again. The defendant complains in his brief of certain hearsay evidence offered in an attempt to establish the defendant's residence at the place the liquor was seized, in an effort to establish the defendant's residence at the place where the liquor was found and thereby connect the defendant with its possession. This evidence was offered through Police Officer Harold Burns. The police officer was handed a telephone book which he identified as that of the telephone company at Muskogee, Oklahoma. Thereafter, upon interrogation, the officer proceeded to testify that the defendant was listed in the said telephone book as "Cecil Seay, Beverages, 2324 Elmira, 678". This evidence constituted hearsay and therefore was clearly inadmissible. That it was highly prejudicial cannot be doubted, for the recitals contained in the telephone book and the recitals contained in the search warrant constituted the only evidence by which the defendant was connected with the possession of the liquor, all of which was inadmissible and highly prejudicial to the rights of the defendant. This court has repeatedly held that the reception of hearsay testimony which contributed to a verdict of guilty does not constitute harmless error, but is ground for reversal. Hull v. State, 61 Okla. Cr. 12, 65 P. 2d 423. In Uhlenhake v. State, 58 Okla. Cr. 248, 52 P. 2d 117, 118, it was said:

"It is a well-established rule of law of evidence that the best evidence of which the case in its nature is susceptible must be produced."

In Mater v. State, 9 Okla. Cr. 380, 132 P. 383, it was said:

"In a prosecution for having possession of intoxicating liquors with intent to sell same, the burden was on the state to prove that the place where the liquor was found was in defendant's possession or under his control, or that the intoxicating liquor was his, or that he had possession of same either as owner or employee."

In Teague v. State, 10 Okla. Cr. 43, 44, 133 P. 1134, it was said:

"In a prosecution for having possession of intoxicating liquor with intent to sell, barter, give away, and otherwise furnish, the evidence should be of such character as to overcome prima facie the presumption of innocence. If the evidence raises a mere supposition, or, admitting all it tends to prove, the defendant's guilt is left doubtful or dependent upon mere supposition, surmise, or conjecture, the court should advise the jury to acquit the defendant."

See, also, Taylor v. State, 90 Okla. Cr. 169, 212 P. 2d 164.

The telephone directory was by no means the best evidence of who lived at 2324 Elmira street. Herein the evidence of the residence of the defendant and the possession of the liquor was predicated only on the hereinbefore referred to evidence. It constitutes nothing more nor less than supposition, or surmise, which is insufficient to connect the defendant with the possession of the liquor herein involved. In this same connection complaint is made that the state predicated much of its argument to the jury on hearsay evidence and that the de-

fendant was prejudiced thereby. Since this evidence was not admissible and was hearsay and constitutes the principal basis for the conviction of the defendant such a conclusion necessarily follows. In this regard, if the county attorney has no competent evidence as to the defendant's residence and possession of the liquor herein involved, he has no right to speculate on such an issue and incur needless expense in obtaining a conviction which he cannot sustain. We presume, however, that such evidence should be easily obtainable and will be presented at a new trial.

Another assignment of error is to the effect that the county attorney referred to the fact that the defendant had not taken the stand and testified in his own behalf. The record discloses this objection is not altogether without merit, but it is not necessary to discuss this issue, however, since at the new trial any likelihood of error on this ground may be eliminated. The county attorney should and no doubt will confine his argument within the limits of the law and the facts as developed at the new trial. It serves no useful purpose to obtain a conviction through the use of methods which will result in a reversal of the case.

Finally, the defendant contends, among other things, that the court erred in not sustaining his motion to suppress the evidence. This contention is predicated upon the proposition that Walter D. Bolton, as evidence man for the county attorney's office who procured the search warrant even though commissioned by special commission from the chief of police of the city of Muskogee, had no authority to serve the search warrant in question. We believe this contention to be without merit since Bolton was accompanied on the raid by police officers Burns and Swanson, both officers authorized un-

der the law and the warrant to execute the warrant. Bolton picked up the police officers Burns and Swanson at the police station and together they went to the defendant's residence for the purpose of serving the warrant and conducting the search. No doubt the object of picking up the officers was to render the facts surrounding the search above question. The fact the warrant was in the manual possession of Bolton and was served by Bolton by leaving it in the door of the premises does not invalidate the service, the police officer to whom it was directed being present and acting in its execution. This we believe was substantial compliance with the statute in relation to service of search warrants. Title 22, § 1227, O.S.A. 1941, reading as follows, to wit:

"A search warrant may in all cases be served by any of the officers mentioned in its direction, but by no other person except in aid of the officer, on his requiring it, he being present, and acting in its execution."

This contention is therefore without merit.

There is another contention raised by the defendant relative to the trial court's failure to quash the jury panel which it will not be necessary for us to discuss because of the fact that if constituting error the same would not be repeated on a new trial. There are other contentions raised by the defendant which we do not deem of such substantial merit as to require discussion. For all the above and foregoing reasons the judgment and sentence herein imposed is accordingly reversed and remanded for a new trial.

JONES and POWELL, JJ., concur.