## BERG v. STATE.

No. A-11812.  Nov. 3, 1953.

(262 P. 2d 913.)

Harry Seaton, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., and Lewis Raba, County Atty., Pawnee County, Pawnee, for defendant in error.

POWELL, P. J. The plaintiff in error, Robert Berg, was charged in the county court of Pawnee county by information with the unlawful possession of intoxicating liquor. He was tried before a jury, found guilty, with punishment left to the court, who sentenced appellant, defendant there, to serve a term of 90 days in the county jail, and to pay a fine of $250.

The case must be reversed. As authorized by Tit. 20 O.S. 1951 § 47, we shall dispense with a detailed statement of fact. Suffice to say the sheriff on motion to suppress admitted that finding no one at the farm of accused, he proceeded to search his home and grounds, but did not post a copy of the search warrant on the door of the home, as directed therein, and as provided by Tit. 37 O.S. 1951 § 84, under such circumstances.

Neither defendant's motion for new trial nor petition in error contains any allegation that the trial court erred in overruling his motion to suppress the evidence. This court, therefore, cannot consider the issue here. Jackson v. State, 86 Okla. Cr. 420, 193 P. 2d 895.

The sheriff detailed numerous items of property taken from the home, not per se contraband, or shown to have been used in violation of law.

On trial the liquor discovered by the search was shown to have been more than eight gallons, and commonly known as "Moonshine" whiskey, which was per se intoxicating and illegal. The information alleges that the whiskey was "Moonshine whiskey" and intoxicating.

In Gulley v. State, 49 Okla. Cr. 254, 293 P. 1113, this court cites with approval the definition of "Moonshine whiskey" set out in U. S. v. Golden, D. C., 1 F. 2d 543, 547. There the court in paragraph 6 of the syllabus said:

"That whiskey, and particularly moonshine whiskey, is intoxicating and, in a legal sense fit for beverage purposes, is a matter of common knowledge of which judicial notice will be taken and need not be alleged or proved."

It is stated in State v. Sedlacek, 74 Mont. 201, 239 P. 1002:

" 'Moonshine' merely characterizing 'whiskey' which is intoxicating as matter of law, as illicitly distilled".

See, also, Jones v. U.S., 8 Cir., 18 F. 2d 573; Hughes v. State, 85 Okla. Cr. 25, 184 P. 2d 625; State v. Kollar, 17 Okla. Cr. 132, 186 P. 968.

All the county attorney was required to do was to show that the quantity of whiskey alleged was found on defendant's premises, near a whiskey still and elsewhere on said premises, identify such whiskey and offer it in evidence. But he was not as a matter of law so limited. The apparatus for distilling the whiskey would have a bearing on the commercial angle; that is, the intent to sell. The record discloses that in addition to the charge of unlawful possession of the whiskey, a second charge had been filed, case No. 7718, charging the defendant with the possession of a still—a different case entirely. The still, including forty other items, were all piled in the courtroom in sight of the jury and admitted in evidence in support of the unlawful possession of the whiskey. Among the items so exhibited to the jury over the objection of the defendant were stoves and

heaters, a Colt .44 calibre revolver (Thumbuster); one Colt .32 calibre automatic-pistol; one Winchester .410 calibre shot gun, single barrel; and one Winchester model '37, twenty-gauge, steel built single barrel shotgun, taken from the home of the defendant and having no bearing whatever as to the guilt or innocence of the accused of the crime charged. Also the prosecution had a large photograph made of the raiding party standing by a truck with the whiskey-making paraphernalia loaded thereon. This was received in evidence. It could add nothing to the display of the equipment to the jury. The still and the equipment used in making the whiskey, of course, would, as indicated, have a bearing on defendant's intent to sell the whiskey. It would bear on the question of whether or not he was in the whiskey business, but the other items that were found in storage in the home and not shown to have had any bearing on the guilt or innocence of the accused of the crime charged, should not have been received in evidence. The court erred in admitting in evidence the weapons and stoves. We have often held that no matter how guilty an accused may be, he is entitled to a fair trial. He did not receive it in this case. In an early case this court said that a person accused of crime is entitled to a fair and impartial trial, conducted according to the established principles of law, the most important of which is that the verdict of the jury shall be founded only upon competent evidence. If a defendant cannot be fairly convicted, he should not be convicted at all, and to hold otherwise would be to provide ways and means for the conviction of the innocent. For a variety of situations where this principle has been developed and applied, see Pickrell v. State, 5 Okla. Cr. 391, 116 P. 957; Watson v. State, 7 Okla. Cr. 590, 124 P. 1101; Clark v. State, 12 Okla. Cr. 263, 154 P. 1005; Hager v. State, 10 Okla. Cr. 9, 133 P. 263; Jelts v. State, 7 Okla. Cr. 733, 123 P. 1130; Carr v. State, 65 Okla. Cr. 201, 84 P. 2d 42; Ex parte Stinnett, 71 Okla. Cr. 184, 110 P. 2d 310; Schmitt v. State, 57 Okla. Cr. 102, 47 P. 2d 199; Ex parte Cannis, 83 Okla. Cr. 113, 173 P. 2d 586; Jones v. State, 88 Okla. Cr. 243, 202 P. 2d 228; Rousek v. State, 93 Okla. Cr. 366, 228 P. 2d 668; Pebworth v. State, 88 Okla. Cr. 97, 199 P. 2d 621.

In addition to the above incompetent evidence, (though this is not complained of in the brief, it was sufficiently raised in the motion for new trial and petition in error), the prosecution on trial offered and there was admitted into evidence the search warrant. This court has repeatedly held that the prosecution might not introduce the search warrant. A search warrant necessarily may be supposed to contain statements and allegations of matters that may, if admissible, only be submitted to the jury under the orthodox method of procedure; that is, by proof by the testimony of an individual, who would be subject to cross-examination, and where statements were inadmissible they would not be received. The defendant did not testify on trial, his character had not been placed in issue. The admission of the warrant placed the character of the defendant in issue, which was highly prejudicial.

This court has held that in a prosecution for unlawful possession of intoxicating liquors, the state's introduction in evidence of search warrant as primary evidence, where the recitals of such warrant were with reference to the essence of the offense charged, constituted reversible error. Seay v. State, 93 Okla. Cr. 372, 228 P. 2d 665; Edwards v. State, 90 Okla. Cr. 211, 212 P. 2d 150; Wallace v. State, 89 Okla. Cr. 365, 208 P. 2d 190; Weaver v. State, 78 Okla. Cr. 277, 147 P. 2d 800; Lucas v. State, 56 Okla. Cr. 413, 41 P. 2d 131; Savalier v. State, 85 Okla. Cr. 87, 185 P. 2d 476, 477; Williams v. State, 34 Okla. Cr. 359, 246 P. 895; Johnson v. State, 52 Okla. Cr. 76, 2 P. 2d 972.

By reason of the above, the judgment of the county court of Pawnee county is reversed, and the case remanded.

JONES and BRETT, JJ., concur.