## BEAM v. STATE.

No. A-11818. Nov. 3, 1953.

(264 P. 2d 1001.)

Walter C. Henneberry, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J. The plaintiff in error, Houston Beam, defendant below, was charged by information in the court of common pleas of Tulsa county, Oklahoma, with the offense of having sold one pint of Hill & Hill whiskey on December 6, 1951, in the aforesaid county to one Fred Stapp in violation of law. A jury was waived, the case tried by the trial court, the defendant found guilty, his punishment fixed at 30 days in jail and a fine of $50 and judgment and sentence entered accordingly. The appeal was lodged herein on July 18, 1952. The defendant's brief was filed on February 28, 1953. The state's brief was filed August 5, 1953. Before the case came on for trial a motion to suppress the evidence was interposed, hearing had thereon, at which time the affidavit and search warrant was introduced into evidence by the state as well as sworn testimony heard thereon. At the conclusion of the hearing the motion to suppress was overruled. It was stipulated that the evidence on the motion to suppress could be considered as the evidence of the case on its merits. The defendant never testified in his own behalf or offered any evidence other than that submitted on the motion to suppress.

The defendant's first contention is that the evidence was insufficient to support proof of the sale. Officer Stapp testified in this regard that he and Mr. Floyd Jordan went to the defendant's premises armed with a search warrant, knocked on the door and were admitted. They asked for a half pint of Cascade whiskey and were told by the defendant that he did not have it, that he only had pints but that he would look and see. He returned with the information that he did not have half pints in Cascade but produced for sale for $3.75 a pint of Hill & Hill whiskey. The officer could not recall at first if he paid the defendant for the liquor but apparently refreshing his memory from notes he testified positively that he did pay the defendant for the liquor and that he then served the search warrant. The record is not contradicted in this regard in any way whatsoever and is entirely sufficient to prove a sale. It has been held:

"To sustain a charge of selling intoxicating liquors, there must be proven a consideration paid or promised by or in behalf of a purchaser to or in behalf of a seller, and a delivery of the thing sold." Maladin v. State, 72 Okla. Cr. 80, 113 P. 2d 201, 203.

The defendant next contends that the search warrant was introduced into evidence over the defendant's objection. It must be remembered that the search warrant was introduced into the record at the hearing on the motion to suppress and by stipulation, of the defense counsel, evidence at the hearing was considered as evidence of the case on its merits. The defendant contends that he did not place his reputation in issue by taking the witness stand and it was error to admit the search warrant in evidence. This rule applies where the jury has been sworn to try the issues. Such was the situation in the cases relied upon by the defendant, such as Wallace v. State, 89 Okla. Cr. 365, 208 P. 2d 190; Edwards v. State, 90 Okla. Cr. 211, 212 P. 2d 150; but we know of no case holding that such rule applies where the search warrant was introduced on a motion to suppress and the evidence thereon is considered, as the evidence on the merits of the case. In the absence of a showing to the contrary, it will be presumed the trial judge in passing on the guilt or innocence of the accused where the matter is submitted to him without the intervention of a jury, excluded from his consideration all incompetent, irrelevant and immaterial evidence. Moreover, the search warrant in this case added nothing of evidentiary value that had not already been substantially established by sworn testimony before the search warrant was offered in evidence, and under the conditions herewith presented it could not have been prejudicial but at the most merely cumulative. Furthermore, the defendant by his stipulation that the evidence on the motion to suppress could be considered as the evidence of the case on its merits, waived the objection to the introduction of the search warrant which he interposed on his hearing on the motion to

suppress the evidence. For all the above and foregoing reasons the judgment and sentence herein is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.