**Irvin J. PERRY, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

No. A–12037.

Criminal Court of Appeals of Oklahoma.

Nov. 17, 1954.

Hughes, Ogden & Ogden, Guymon, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

Irvin J. Perry was charged by information filed in the county court of Texas County with unlawful possession of intoxicating liquor, was tried before a jury and convicted, but being unable to agree upon the punishment to be assessed, left that to the court, who assessed the penalty at 60 days confinement in the county jail, and a fine of $100. Appeal has been duly perfected to this court.

The State by its first witness, Dudley Smith, City Marshal of Hooker, developed that such officer and deputy sheriff H. L. Davis, under authority of a search warrant searched the residence of the defendant at the edge of Hooker, and found 16 pints of mix brands, tax paid whiskey. Also about one-fourth pint of whiskey.

The State offered in evidence the search warrant that authorized the search, and the trial court, over the objections of counsel for the defendant admitted the same in evidence. This constituted error. The State had a good case, but by inattention to the uniform holdings of this court from its beginning, brought about fundamental error that requires the reversal of the conviction. We shall not go into a dissertation of the reason why this is so, but shall refer to a few cases that may be consulted where this matter has been previously treated. Wiese v. State, 32 Okl.Cr. 203, 240 P. 1075; Lucas v. State, 56 Okl.Cr. 413, 41 P.2d 131; Wallace v. State, 89 Okl.Cr. 365, 208 P.2d 190; Savalier v. State, 85 Okl.Cr. 87, 185 P.2d 476; Robbins v. State, 93 Okl.Cr. 363, 228 P.2d 663; Wagner v. State, 68 Okl.Cr. 447, 99 P.2d 161; Edwards v. State, 90 Okl.Cr. 211, 212 P.2d 150; Berg v. State, Okl.Cr., 262 P.2d 913, 915.

The defendant did not testify and his character was not placed in issue. The recitals in the search warrant were as to the essence of the offense charged.

It goes without saying that no matter how guilty an accused may be, he is entitled to a fair trial. And as we pointed out in Berg v. State, supra:

"In an early case this court said that a person accused of crime is entitled to a fair and impartial trial, conducted according to the established principles of law, the most important of which is that the verdict of the jury shall be founded only upon competent evidence. If a defendant cannot be fairly convicted, he should not be convicted at all, and to hold otherwise would be to provide ways and means for the conviction of the innocent."

The case is reversed and remanded.

JONES and BRETT, JJ., concur.