**J. E. SMITH, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13617.**

Court of Criminal Appeals of Oklahoma.

Sept. 15, 1965.

James W. Pipkin, Seminole, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Jack A. Swidensky, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Petitioner in Error, hereinafter referred to as the defendant, was tried and convicted by a jury, for the murder of his ex-wife. Defendant was sentenced to life imprisonment in the State Penitentiary, and appeals.

At the conclusion of the State's evidence defendant entered his demurrer to the evidence. In overruling the demurrer, the court remarked that the evidence was weak, "but I am going to overrule it at this time".

It will be necessary only to consider defendant's assignment of error number three, in which he contends that his rights were

prejudiced and he was denied a fair trial, by certain remarks made in the presence of the jury, by the county attorney. We agree with defendant's contention.

Defendant took the witness stand in his own behalf. During cross-examination, in order to show what he thought was the cause for defendant's difficulty with his ex-wife, the county attorney said: "He raped her, his wife's little niece, nine years old". Defense counsel objected and moved for a mistrial. Defendant's motion was denied, notwithstanding the fact that the county attorney agreed that it should be granted.

Whether or not a motion is granted during the trial, is dependent upon the sound judicial discretion of the trial judge. Judicial discretion is derived from the power provided the court and the trial judge by the Constitution and Statutes of the State of Oklahoma. Such power may not be delegated, nor is it to be subjected to agreements between other parties, as in this case wherein the prosecutor and the defense counsel agreed that the motion for mistrial should be granted. Such judicial discretionary power can only be exercised by the judge in whom it is entrusted. As stated in Redewill v. Superior Court of Maricopa County, 43 Ariz. 68, 29 P.2d 475:

"When a court is given discretion in the exercise of a power, it is a judicial, and not an arbitrary or even a moral, discretion which is implied. And since one of the principal tests, if not the vital one, of that discretion, is the purpose for which the power was conferred * * *."

There is no doubt in the minds of this Court, that the County Attorney's remark was prejudicial to the rights of this defendant. We are of the opinion, therefore, that this defendant did not receive a fair trial because of that prejudicial remark.

This Court stated in Robedeaux v. State, 94 Okl.Cr. 171, 232 P.2d 642:

"The law of the land guarantees to every person accused of crime, whether guilty or innocent, a fair and impartial trial according to the due and orderly course of the law, and it is the duty resting upon the courts to see that the guaranty of such a trial, shall be upheld and sustained."

See also Berg v. State, 97 Okl.Cr. 320, 262 P.2d 913.

In Porter v. State, 8 Okl.Cr. 64, 126 P. 699, this Court said:

"Unfairness, whether intentional or not, taints everything it touches, and will vitiate a verdict, unless it clearly appears from the record that there was no rational conclusion at which the jury could have arrived favorable to the defendant; and it must be absolutely clear upon this question to wipe this taint out."

It was also stated in the Porter case, supra:

"In order to prove a man's guilt, it is not permitted to show his former character, or to prove his guilt of other crimes, merely for the purpose of raising a presumption that he who would commit them would be more apt to commit the crime in question. Where the character or reputation of the accused is not an element of the crime charged, the prosecution cannot put it in issue by offering evidence thereof."

Therefore, for the reason that the record reveals that the jury was prejudiced by the remark of the County Attorney, this case must be reversed and remanded to the Superior Court of Seminole County, with directions to grant the defendant a new trial.

It is so ordered.

NIX, J., concurs.

BUSSEY, P. J., not participating.